JUDGE KOELTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 08 CV 1963

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REGINALD POWE and COLLEEN JONES,

        Plaintiff,

    v.

CAMBIUM LEARNING COMPANY a/k/a
CAMBIUM LEARNING, INC.,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x



08 Civ. _____

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441(a), defendant Cambium Learning, Inc. ("Cambium") hereby removes this entire civil action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, for the reasons explained below:

    1.    Plaintiffs originally filed the instant Complaint in the Supreme Court of the State of New York, New York, County of New York, on January 11, 2008 (the "State Court Action"). Defendant Cambium was served with plaintiffs' Complaint on February 8, 2008. A copy of the Complaint served upon defendant is attached as Exhibit A. No other process, pleading, or order in the State Court Action has been served upon defendant Cambium, and no motions or other matters are pending in the State Court Action.

    2.    Cambium is the only defendant named in the State Court Action.

    3.    This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is being filed within 30 days of the date the defendant received a copy of plaintiffs' Complaint.

4.      This Court has original diversity jurisdiction over this action pursuant to 28

U.S.C. § 1332, in that this is an action between citizens of different States in which the amount in

controversy exceeds $75,000.

5.      Defendant Cambium is a corporation incorporated under the laws of the State of

Delaware with its principal place of business in the State of Massachusetts. Plaintiffs Reginald

Power and Colleen Jones are, according to the Complaint, citizens of the State of New York.

6.      The Complaint is silent as to the amount in controversy, but it alleges claims for

damages arising out of defendant Cambium's alleged breach of Plaintiffs' Employment

Agreements, and also alleges damages, including punitive damages, for fraud. See Compl. ¶¶

20, 43, 43, 57. The Complaint alleges that the damages derive from "fully vested stock options"

and "other benefits contained within the Jones Employment Agreement including those benefits

granted pursuant to employee benefit plans from time to time in effect generally for company

employees." See Compl. ¶¶ 14, 37. The Complaint also seeks attorney's fees. See Compl. ¶¶

20, 43,  Based upon the foregoing allegations, the Complaint alleges an amount in controversy

exceeding $75,000.

7.      A copy of a Notice of Filing of Notice of Removal is attached hereto as Exhibit B.

Promptly after filing this notice, defendant Cambium will serve that notice on plaintiffs and will

file a copy of that notice and this notice with the Supreme Court of the State of New York,

County of New York, as required by 28 U.S.C. § 1446(d).

Dated: New York, New York
       February 27, 2008

GIBSON, DUNN & CRUTCHER LLP

By: _____
      Marshall R. King (MK-1642)

200 Park Avenue, 47th Floor
New York, New York 10166-0193

Telephone: (212) 351-4000
Facsimile: (212) 351-4035

Attorneys for Defendant Cambium
Learning, Inc.

100395142_1.DOC

3

Exhibit A

Aldine™ Enviro-Tab™

Mixed
Sources Cert no. SW-COC-1507

FSC

75-1940/powe-summons

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------------X
REGINALD POWE and COLLEEN JONES,

                                    Plaintiffs,


                          -against-


CAMBIUM LEARNING COMPANY a/k/a CAMBIUM
LEARNING, INC.,

                                    Defendant.
---------------------------------------------------------------------X
To the above named Defendant:

Index No. 08100443

Date Filed:


Plaintiffs designate
NEW YORK COUNTY
as the place of Trial

The basis of the venue is
Plaintiff's residence

SUMMONS **FILE**

Plaintiff resides at 16 E. 98th Street
New York, NY 10029

**FILED**
JAN 11 2008
NEW YORK
COUNTY CLERK'S

                    **YOU ARE HEREBY SUMMONED** to answer the Complaint
in this action and to serve a copy of your Answer, or, if the Complaint is not served with this
Summons, to serve a Notice of Appearance, on the Plaintiffs' attorneys within twenty (20)
days after the service of this Summons, exclusive of the day of service (or within thirty (30)
days after the service is complete if this Summons is not personally delivered to you within
the State of New York); and in case of your failure to appear or answer, judgment will be
taken against you by default for the relief demanded in the Complaint.

Dated: Melville, New York
       January 8, 2008


                          Yours, etc.


                          RICHARD A. KRASLOW, P.C.


                          By:  Richard A. Kraslow, Esq.
                          *Of Counsel to Alan G. Kraut, Esq.*
                          Attorneys for Plaintiffs
                          425 Broad Hollow Road, Suite 206
                          Melville, New York  11747
                          (631) 756-8300


<u>Defendant's Addresses:</u>
CAMBIUM LEARNING COMPANY a/k/a CAMBIUM LEARNING, INC.
313 Speen Street
Natick, Massachusetts  01760

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

REGINALD POWE and COLLEEN JONES,                     Index No.:
                                                     Date Filed:
                            Plaintiffs,

               -against-                             **VERIFIED COMPLAINT**

CAMBIUM LEARNING COMPANY a/k/a CAMBIUM
LEARNING, INC.,
                            Defendant.               *08100443*
-----------------------------------------------------------------X

         Plaintiffs, REGINALD POWE and COLLEEN JONES, complaining of the

Defendant, CAMBIUM LEARNING COMPANY a/k/a CAMBIUM LEARNING, INC.,

through their attorneys, ALAN G. KRAUT, ESQ., set forth and allege, upon information and

belief, as follows:

         1.      This is an action for damages and is within the jurisdiction of this

Court.

         2.      That at all times material hereto, Plaintiff, REGINALD POWE, was

and still is a resident of the County of New York, State of New York, is over the age of 18

years and *sui juris*.

         3.      That at all times material hereto, Plaintiff, COLLEEN JONES, was and

still is a resident of the County of New York, State of New York, is over the age of 18 years

and *sui juris*.

         4.      That Defendant, CAMBIUM LEARNING COMPANY a/k/a

CAMBIUM LEARNING, INC. (hereinafter "CAMBIUM LEARNING COMPANY"), is a

foreign corporation with principal offices at 313 Speen Street, Natick, Massachusetts 01760,

and was at all times material hereto doing business in the State of New York.

5.    That venue is proper in New York County, New York as the causes of action sued upon herein accrued in New York County, New York.

6.    That Plaintiffs, REGINALD POWE and COLLEEN JONES, have retained the law firm of Alan G. Kraut, Esq. to represent them in this action and have obligated themselves to pay a reasonable fee for the services of counsel, for which Defendant, CAMBIUM LEARNING COMPANY, is responsible.

7.    Plaintiffs, REGINALD POWE and COLLEEN JONES, have performed all conditions precedent to the commencement of this action, if any.

### GENERAL ALLEGATIONS

8.    That at all times material hereto, Metropolitan Teaching and Learning Company was a New York Corporation, operating and existing under the laws of the State of New York, with its principal place of business at 33 Irving Place, New York, New York 10003.

9.    That at all times material hereto, Plaintiffs, REGINALD POWE and COLLEEN JONES, were principals and controlling shareholders of Metropolitan Teaching and Learning Company.

10.    That at all times material hereto, George A. Logue was Executive Vice President of Defendant, CAMBIUM LEARNING COMPANY, and was acting for and on behalf of Defendant, CAMBIUM LEARNING COMPANY, in the scope of his employment with CAMBIUM LEARNING COMPANY.

11.    That at all times material hereto, Nader Darehshori was Chairman and

-2-

Chief Executive Officer of Defendant, CAMBIUM LEARNING COMPANY, and was acting for and on behalf of the Defendant, CAMBIUM LEARNING COMPANY, in the scope of his employment with CAMBIUM LEARNING COMPANY.

## AS AND FOR A FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

12.    Plaintiffs, REGINALD POWE and COLLEEN JONES, repeat and reallege each and every allegation contained in paragraphs "1" through "11" as if same were more fully set forth herein.

13.    That on or about October 28, 2003, Plaintiff, COLLEEN JONES, entered into an employment agreement with Defendant, CAMBIUM LEARNING COMPANY, pursuant to which Defendant, CAMBIUM LEARNING COMPANY, agreed to employ Plaintiff, COLLEEN JONES, as Senior Vice President of Metropolitan Teaching and Learning Company, an imprint of Defendant, CAMBIUM LEARNING COMPANY, as is more specifically set forth in the employment agreement (hereinafter the "Jones Employment Agreement").

14.    That pursuant to the Jones Employment Agreement, as an inducement for the sale of Plaintiff, COLEEN JONES', interest in Metropolitan Teaching and Learning Company to Defendant, CAMBIUM LEARNING COMPANY, and for Plaintiff, COLLEEN JONES', employment with Defendant, CAMBIUM LEARNING COMPANY, Plaintiff, COLLEEN JONES, was granted fully vested stock options (hereinafter the " Stock Options"), in addition to such other benefits contained within the Jones Employment Agreement, including those benefits granted pursuant to employee benefit plans from time to time in effect

-3-

generally for company employees.

15.    That the Jones Employment Agreement provided in pertinent part as follows:

> "**Stock Options.**  Initial grant equal to 0.5% of the common equivalent shares outstanding in Cambium Learning Company immediately after the first acquisition of the assets of Metropolitan Teaching and Learning Company but before any further capital contributions.  The exercise price of the options shall be their fair market value at the time of issuance, and they shall be subject to vesting provisions consistent with those under the stock option plans adopted by the Company."

16.    That the Plaintiff, COLLEEN JONES, has made demand of the Defendant, CAMBIUM LEARNING COMPANY, that it allow Plaintiff to exercise the Stock Options provided her in the Jones Employment Agreement, however, Defendant, CAMBIUM LEARNING COMPANY, has repeatedly failed and/or refused to provide information regarding the exercise of the Stock Options and/or to allow Plaintiff, COLLEEN JONES, to exercise the Stock Options.

17.    That Defendant, CAMBIUM LEARNING COMPANY, failed to allow the exercise of Stock Options provided for in the Jones Employment Agreement, notwithstanding assurances made by Defendant, CAMBIUM LEARNING COMPANY, by and through its Chairman and Chief Executive Officer, Nader Darehshori, that the Stock Options would be exercisable by Plaintiff, COLLEEN JONES, notwithstanding the termination of her employment with Defendant, CAMBIUM LEARNING COMPANY.

18.    That the failure of Defendant, CAMBIUM LEARNING COMPANY, to provide information to Plaintiff, COLLEEN JONES, regarding the exercise of the Stock Options as provided for by the Jones Employment Agreement and the failure to allow the exercise of the Stock Options, constitutes a breach of the Jones Employment Agreement.

-4-

19.     That the Plaintiff, COLLEEN JONES, has fully performed her obligations pursuant to the Jones Employment Agreement.

20.     That as a direct and proximate result of the breach of the terms of the Jones Employment Agreement by Defendant, CAMBIUM LEARNING COMPANY, Plaintiff, COLLEEN JONES, has been damaged in an amount subject to proof at trial, including interest thereon, pre and post judgment, attorney's fees and costs of suit.

## AS AND FOR A SECOND CAUSE OF ACTION
### FRAUD

21.     Plaintiffs, REGINALD POWE and COLLEEN JONES, repeat and reallege each and every allegation contained in paragraphs "1" through "20" as if same were more fully set forth herein.

22.     That on or about October 28, 2003, Plaintiff, COLLEEN JONES, entered into an employment agreement with Defendant, CAMBIUM LEARNING COMPANY, pursuant to which Defendant, CAMBIUM LEARNING COMPANY, agreed to employ Plaintiff, COLLEEN JONES, as Senior Vice President of Metropolitan Teaching and Learning Company, an imprint of Defendant, CAMBIUM LEARNING COMPANY, as is more specifically set forth in the employment agreement (hereinafter the "Jones Employment Agreement").

23.     That pursuant to the Jones Employment Agreement, as an inducement for the sale of Metropolitan Teaching and Learning Company to Defendant, CAMBIUM LEARNING COMPANY, and for Plaintiff, COLLEEN JONES', employment with Defendant, CAMBIUM LEARNING COMPANY, Plaintiff, COLLEEN JONES, was granted

-5-

fully vested stock options (hereinafter the " Stock Options"), in addition to such other benefits contained within the Jones Employment Agreement, including those benefits granted pursuant to employee benefit plans from time to time in effect generally for company employees.

24.    That Defendant, CAMBIUM LEARNING COMPANY, represented to Plaintiff, COLLEEN JONES, that the Stock Options set forth in the Jones Employment Agreement were fully vested upon execution of the Jones Employment Agreement and were in addition to those stock options granted to employees of Defendant, CAMBIUM LEARNING COMPANY, pursuant to employee benefit plans which might be adopted by the company.

25.    That the representations made by Defendant, CAMBIUM LEARNING COMPANY, by and through its employee, agent and representative, George A. Logue, Executive Vice President, were made to the Plaintiff, COLLEEN JONES, as and for an inducement for Plaintiff, Colleen Jones, to sell her interest in Metropolitan Teaching and Learning Company to Defendant, CAMBIUM LEARNING COMPANY, and for Plaintiff, COLLEEN JONES, to enter into the Jones Employment Agreement and agree to employment with Defendant, CAMBIUM LEARNING COMPANY, as Senior Vice President and Publisher.

26.    That pursuant to the representations made by Defendant, CAMBIUM LEARNING COMPANY, by and through employee, agent and representative, George A. Logue, Executive Vice President, Plaintiff, COLLEEN JONES, agreed to sell her interest in Metropolitan Teaching and Learning Company to Defendant, CAMBIUM LEARNING COMPANY, and  agreed to enter into the Jones Employment Agreement and accept

-6-

employment as Senior Vice President and Publisher, as is more specifically set forth in the Jones Employment Agreement.

27.    That notwithstanding the representations and assurances made by Defendant, CAMBIUM LEARNING COMPANY, by and through its employee, agent and representative, George A. Logue, Executive Vice President, regarding the Stock Options earned by Plaintiff, COLLEEN JONES, upon execution of the Jones Employment Agreement, Defendant, CAMBIUM LEARNING COMPANY, refused repeated requests for information regarding exercise of the Stock Options and failed and/or refused Plaintiff's exercise of the Stock Options as was represented by Defendant, CAMBIUM LEARNING COMPANY.

28.    That the Defendant, CAMBIUM LEARNING COMPANY, has failed and refused, after due demand, to allow Plaintiff, COLLEEN JONES, to exercise the Stock Options.

29.    That the representations of the Defendant, CAMBIUM LEARNING COMPANY, as aforesaid, regarding the grant of the fully vested Stock Options to Plaintiff, COLLEEN JONES, were false when made and were made for the purposes of inducing the Plaintiff, COLLEEN JONES, to sell her interest in and to Metropolitan Teaching and Learning Company to Defendant, and to accept employment with Defendant, CAMBIUM LEARNING COMPANY.

30.    That at all times material hereto, the representations of Defendant, CAMBIUM LEARNING COMPANY, were materially false and misleading and intended to deceive the Plaintiff, COLLEEN JONES, with the intention of securing the sale of Plaintiff's interest in and to Metropolitan Teaching and Learning Company to Defendant, CAMBIUM

-7-

LEARNING COMPANY, and her employment with Defendant, CAMBIUM LEARNING COMPANY.

31. That at all times material hereto, Defendant, CAMBIUM LEARNING COMPANY, knew that the representations made by it, by and through its employees, agents and representatives, as aforesaid, were materially false and misleading, had no intention of allowing the exercise of the Stock Options and made the representations with the specific intention to deceive the Plaintiff, COLLEEN JONES, of and from her interest in and to Metropolitan Teaching and Learning Company and to secure her employment with Defendant, CAMBIUM LEARNING COMPANY.

32. That the Plaintiff, COLLEEN JONES, reasonably relied upon the representations of Defendant, CAMBIUM LEARNING COMPANY, made by and through its agents and representatives, as aforesaid, in agreeing to sell her interest in and to Metropolitan Teaching and Learning Company to Defendant, CAMBIUM LEARNING COMPANY, and in accepting employment with Defendant, CAMBIUM LEARNING COMPANY.

33. That as a direct, proximate and foreseeable result of the fraud of the Defendant, CAMBIUM LEARNING COMPANY, by and through its employees, agents and representatives, as aforesaid, the Plaintiff, COLLEEN JONES, has been damaged in an amount subject to proof.

34. That the fraud alleged herein was calculated, deliberate, wonton and malicious and justifies an award of punitive damages.

-8-

## AS AND FOR A THIRD CAUSE OF ACTION
## BREACH OF CONTRACT

35.     Plaintiffs, REGINALD POWE and COLLEEN JONES, repeat and reallege each and every allegation contained in paragraphs "1" through "34" as if same were more fully set forth herein.

36.     That on or about October 28, 2003, Plaintiff, REGINALD POWE, entered into an employment agreement with Defendant, CAMBIUM LEARNING COMPANY, pursuant to which Defendant, CAMBIUM LEARNING COMPANY, agreed to employ Plaintiff, REGINALD POWE  as Senior Vice President, Customized Education Solutions of Defendant, CAMBIUM LEARNING COMPANY, as is more specifically set forth in the employment agreement (hereinafter the "Powe Employment Agreement").

37.     That pursuant to the Powe Employment Agreement, as an inducement for the sale of Metropolitan Teaching and Learning Company to Defendant, CAMBIUM LEARNING COMPANY, and for Plaintiff, REGINALD POWE'S, employment with Defendant, CAMBIUM LEARNING COMPANY, Plaintiff, REGINALD POWE, was granted fully vested stock options (hereinafter the " Stock Options"), in addition to such other benefits contained within the Powe Employment Agreement, including those benefits granted pursuant to employee benefit plans from time to time in effect generally for company employees.

38.     That the Powe Employment Agreement provided in pertinent part as follows:

> "**Stock Options.**  Initial grant equal to 1% of the common equivalent shares outstanding in Cambium Learning Company immediately after the first acquisition of the assets of Metropolitan Teaching and Learning Company but before any further capital contributions. The exercise price of the options shall be their fair market value

-9-

at the time of issuance, and they shall be subject to vesting provisions consistent with those under the stock option plans adopted by the Company."

39.     That the Plaintiff, REGINALD POWE, has made demand of the Defendant, CAMBIUM LEARNING COMPANY, that it allow Plaintiff to exercise the Stock Options provided him in the Powe Employment Agreement, however, Defendant, CAMBIUM LEARNING COMPANY, has repeatedly failed and/or refused to provide information regarding the exercise of the Stock Options and/or to allow Plaintiff, REGINALD POWE, to exercise the Stock Options.

40.     That Defendant, CAMBIUM LEARNING COMPANY, failed to allow the exercise of Stock Options provided for in the Powe Employment Agreement, notwithstanding assurances made by Defendant, CAMBIUM LEARNING COMPANY, by and through its Chairman and Chief Executive Officer,  Nader Darehshori, that the Stock Options would be exercisable by Plaintiff, REGINALD POWE, notwithstanding the termination of his employment with Defendant, CAMBIUM LEARNING COMPANY.

41.     That the failure of Defendant, CAMBIUM LEARNING COMPANY, to provide information to Plaintiff, REGINALD POWE, regarding the exercise of the Stock Options as provided for by the Powe Employment Agreement and the failure to allow the exercise of the Stock Options, constitutes a breach of the Powe Employment Agreement.

42.     That the Plaintiff, REGINALD POWE, has fully performed his obligations pursuant to the Powe Employment Agreement.

43.     That as a direct and proximate result of the breach of the terms of the Powe Employment Agreement by Defendant, CAMBIUM LEARNING COMPANY, Plaintiff, REGINALD POWE, has been damaged in an amount to be proven at trial, including

-10-

interest thereon, pre and post judgment, attorney's fees and costs of suit.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FRAUD

44.    Plaintiffs, REGINALD POWE and COLLEEN JONES, repeat and reallege each and every allegation contained in paragraphs "1" through "43" as if same were more fully set forth herein.

45.    That on or about October 28, 2003, Plaintiff, REGINALD POWE, entered into an employment agreement with Defendant, CAMBIUM LEARNING COMPANY, pursuant to which Defendant, CAMBIUM LEARNING COMPANY, agreed to employ Plaintiff, REGINALD POWE, as Senior Vice President, Customized Education Solutions of Defendant, CAMBIUM LEARNING COMPANY, as is more specifically set forth in the employment agreement (hereinafter the "Powe Employment Agreement").

46.    That pursuant to the Powe Employment Agreement, as an inducement for the sale of Plaintiff's interest in Metropolitan Teaching and Learning Company to Defendant, CAMBIUM LEARNING COMPANY, and for Plaintiff, REGINALD POWE'S employment with Defendant, CAMBIUM LEARNING COMPANY, Plaintiff, REGINALD POWE, was granted fully vested stock options (hereinafter the " Stock Options"), in addition to such other benefits contained within the Powe Employment Agreement, including those benefits granted pursuant to employee benefit plans from time to time in effect generally for company employees.

47.    That Defendant, CAMBIUM LEARNING COMPANY, represented to Plaintiff, REGINALD POWE, that the Stock Options set forth in the Powe Employment

-11-

Agreement were fully vested upon execution of the Powe Employment Agreement and were in addition to those stock options granted to employees of Defendant, CAMBIUM LEARNING COMPANY, pursuant to employee benefit plans which might be adopted by the company.

48.     That the representations made by Defendant, CAMBIUM LEARNING COMPANY, by and through its employee, agent and representative, George A. Logue, Executive Vice President, were made to the Plaintiff, REGINALD POWE, as and for an inducement for Plaintiff, REGINALD POWE, to sell his interest in Metropolitan Teaching and Learning Company to Defendant, CAMBIUM LEARNING COMPANY, and for Plaintiff, REGINALD POWE, to enter into the Powe Employment Agreement and agree to employment with Defendant, CAMBIUM LEARNING COMPANY, as Senior Vice President, Customized Education Solutions.

49.     That pursuant to the representations made by Defendant, CAMBIUM LEARNING COMPANY, by and through employee, agent and representative, George A. Logue, Executive Vice President, Plaintiff, REGINALD POWE, agreed to sell his interest in Metropolitan Teaching and Learning Company to Defendant, CAMBIUM LEARNING COMPANY, and  agreed to enter into the Powe Employment Agreement and accept employment as Senior Vice President, Customized Education Solutions, as is more specifically set forth in the Powe Employment Agreement.

50.     That notwithstanding the representations and assurances made by Defendant, CAMBIUM LEARNING COMPANY, by and through its employee, agent and representative, George A. Logue, Executive Vice President, regarding the Stock Options

-12-

earned by Plaintiff, REGINALD POWE, upon execution of the Powe Employment Agreement, Defendant, CAMBIUM LEARNING COMPANY, refused repeated requests for information regarding exercise of the Stock Options and failed and/or refused Plaintiff's exercise of the Stock Options as was represented by Defendant, CAMBIUM LEARNING COMPANY.

51.    That the Defendant, CAMBIUM LEARNING COMPANY, has failed and refused, after due demand, to allow Plaintiff, REGINALD POWE, to exercise the Stock Options.

52.    That the representations of the Defendant, CAMBIUM LEARNING COMPANY, as aforesaid, regarding the grant of the fully vested Stock Options to Plaintiff, REGINALD POWE, were false when made and were made for the purposes of inducing the Plaintiff, REGINALD POWE, to sell his interest in and to Metropolitan Teaching and Learning Company to Defendant, and to accept employment with Defendant, CAMBIUM LEARNING COMPANY.

53.    That at all times material hereto, the representations of Defendant, CAMBIUM LEARNING COMPANY, were materially false and misleading and intended to deceive the Plaintiff, REGINALD POWE, with the intention of securing the sale of Plaintiff's interest in and to Metropolitan Teaching and Learning Company to Defendant, CAMBIUM LEARNING COMPANY, and his employment with Defendant, CAMBIUM LEARNING COMPANY.

54.    That at all times material hereto, Defendant, CAMBIUM LEARNING COMPANY, knew that the representations made by it, by and through its employees, agents

-13-

and representatives, as aforesaid, were materially false and misleading, had no intention of allowing the exercise of the Stock Options and made the representations with the specific intention to deceive the Plaintiff, REGINALD POWE, of and from his interest in and to Metropolitan Teaching and Learning Company and to secure his employment with Defendant, CAMBIUM LEARNING COMPANY.

55.     That the Plaintiff, REGINALD POWE, reasonably relied upon the representations of Defendant, CAMBIUM LEARNING COMPANY, made by and through its agents and representatives, as aforesaid, in agreeing to sell his interest in and to Metropolitan Teaching and Learning Company to Defendant, CAMBIUM LEARNING COMPANY, and in accepting employment with Defendant, CAMBIUM LEARNING COMPANY.

56.     That as a direct, proximate and foreseeable result of the fraud of the Defendant, CAMBIUM LEARNING COMPANY, by and through its employees, agents and representatives, as aforesaid, the Plaintiff, REGINALD POWE, has been damaged in an amount subject to proof.

57.     That the fraud alleged herein was calculated, deliberate, wonton and malicious and justifies an award of punitive damages.

WHEREFORE, Plaintiffs, REGINALD POWE and COLLEEN JONES, demand judgment against Defendant, CAMBIUM LEARNING COMPANY, as follows:

A.     On Plaintiffs' First Cause of Action in an amount to be determined at the trial of this action, including interest thereon, pre and post-judgment, attorneys' fees and the costs of suit;

B.     On Plaintiffs' Second Cause of Action compensatory damages in an

-14-

amount to be determined at the trial of this action, punitive damages in an amount to be determined at the trial of this action, including interest thereon, pre and post-judgment, attorneys' fees and the costs of suit;

        C.    On Plaintiffs' Third Cause of Action in an amount to be determined at the trial of this action, including interest thereon, pre and post-judgment, attorneys' fees and the costs of suit;

        D.    On Plaintiffs' Fourth Cause of Action compensatory damages in an amount to be determined at the trial of this action, punitive damages in an amount to be determined at the trial of this action, including interest thereon, pre and post-judgment, attorneys' fees and the costs of suit; and

        E.    Such other and further relief as the Court may deem just and proper.

Dated: Melville, New York
       January 8, 2008

                   Yours, etc.

                   RICHARD A. KRASLOW, P.C.

                   By:  Richard A. Kraslow, Esq.
                   *Of Counsel to Alan G. Kraut, Esq.*
                   Attorneys for Plaintiffs
                   REGINALD POWE and COLLEEN JONES
                   425 Broad Hollow Road, Suite 206
                   Melville, New York  11747
                   (631) 756-8300

TO:    CAMBIUM LEARNING COMPANY a/k/a CAMBIUM LEARNING, INC.
       Defendant
       313 Speen Street
       Natick, Massachusetts  01760

-15-

STATE OF NEW YORK : COUNTY OF SUFFOLK

RICHARD A. KRASLOW, ESQ., an attorney duly admitted to practice before all the Courts of the State of New York, affirms the following under the penalties of perjury:

That he is a member of the firm of RICHARD A. KRASLOW, P.C., *Of Counsel to Alan G. Kraut, Esq.,* the attorney of record for the Plaintiffs in the within action. That he has read the foregoing Summons and Complaint and knows the contents thereof. That the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters he believes them to be true.

Affirmant further states that the source of his information and the grounds of his belief as to all matters therein not stated upon his knowledge are:  correspondence had with the said Plaintiffs which are in affirmant's possession and other pertinent data relating thereto.

Affirmant further states that the reason this Verification is made by him and not by Plaintiffs is that Plaintiffs do not reside in the county where your affirmant maintains his office.

Dated: Melville, New York
      January 8, 2008

                                      _____
                                      RICHARD A. KRASLOW, ESQ.

RICHARD A. KRASLOW, P.C.

LAW OFFICES OF

ORIGINAL

Index No. _____     Year 20___

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

REGINALD POWE and COLLEEN JONES,

Plaintiffs,

-against-

CAMBIUM LEARNING COMPANY a/k/a CAMBIUM LEARNING, INC.,

Defendant.

## SUMMONS & VERIFIED COMPLAINT

*Of Counsel to Alan G. Kraut, Esq.*

**RICHARD A. KRASLOW, P.C.**

Attorney for Plaintiffs

**425 BROAD HOLLOW ROAD, SUITE 206
MELVILLE, NEW YORK 11747
(631) 756-8300**

To:

*Attorney(s) for*

Service of a copy of the within _____ is hereby admitted.

Dated:

.................................................................
Attorney(s) for

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

..................................................................

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
REGINALD POWE and COLLEEN JONES,                            :
                                                            :
        Plaintiff,                                     :
                                                            :
     v.                                                    :    08 Civ. _____
                                                            :
CAMBIUM LEARNING COMPANY a/k/a                              :
CAMBIUM LEARNING, INC.,                                     :
                                                            :
        Defendant.                                     :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CERTIFICATE OF SERVICE

I, Megan A. Burns, hereby certify, under penalty of perjury pursuant to 28 U.S.C. § 1746, that on this 27th day of February, 2008, I served true and correct copies of the Notice of Removal with Exhibit, Civil Cover Sheet and the Rule 7.1 Corporate Disclosure Statement, by overnight mail, postage prepaid, upon the plaintiff's counsel of record:

        Richard A. Kraslow, Esq.
        Alan G. Kraut, Esq.
        Richard A. Kraslow, P.C.
        425 Broad Hollow Road, Suite 206
        Mellville, New York 11747

                                      _____
                                      Megan A. Burns