UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

REGINALD POWE and COLLEEN JONES,

                Plaintiff,

      v.

CAMBIUM LEARNING, INC.,

          Defendant.

------------------------------------ x

08-CV-1963 (JGK)

ECF Case

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CAMBIUM LEARNING, INC.'S MOTION TO DISMISS

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193

Attorneys for Defendant
Cambium Learning, Inc.

March 26, 2008

## TABLE OF CONTENTS

Page

**PRELIMINARY STATEMENT** ............................................................................. 1

**PLAINTIFFS' ALLEGATIONS** ......................................................................... 2

**ARGUMENT** ........................................................................................................ 4

I.    PLAINTIFFS' CLAIMS FOR  BREACH OF CONTRACT SHOULD BE
      DISMISSED ................................................................................................... 5

      A.    Plaintiffs' Stock Options Have Already Expired By Their Terms ....................... 5

      B.    The Complaint Fails to Allege The Specific Contract Terms That
            Defendant Breached ................................................................................. 7

II.   PLAINTIFFS' CLAIMS FOR FRAUD SHOULD BE DISMISSED ............................... 8

      A.    Plaintiffs Do Not Plead Any Independent Cause Of Action For Fraud ............... 9

            1.    An Allegation That Defendant Did Not Intend To Perform
                  Under A Contract Is Insufficient To State A Claim For Fraud ............... 9

            2.    None Of The Narrow Exceptions To This General Rule Apply
                  Here .............................................................................................. 10

      B.    Plaintiff Cannot Plead Reasonable Reliance As A Matter Of Law ..................... 12

      C.    Plaintiffs' Fraud Claims Are Not Pleaded With Sufficient
            Particularity ............................................................................................ 13

III.  PLAINTIFF POWE'S CLAIMS MUST BE DISMISSED BECAUSE HE
      RELEASED ANY CLAIMS HE HAD AGAINST CAMBIUM ................................... 14

**CONCLUSION** ................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

## Cases

*ATSI Comm., Inc. v. Shaar Fund, Ltd.*,
  493 F.3d 87 (2d Cir. 2007)........................................................................ 5, 13

*Bango v. Naughton*,
  184 A.D.2d 961, 584 N.Y.S.2d 942 (3d Dep't 1992) ....................................... 12

*Banque Arabe et Internationale D'Investissement v. Maryland Nat'l Bank*,
  57 F.3d 146 (2d Cir. 1995)........................................................................... 9

*Bartel Dental Books Co., Inc. v. Schultz*,
  786 F.2d 486 (2d Cir. 1986)......................................................................... 13

*Bell Atl. Corp. v. Twombly*,
  --- U.S. --- 127 S. Ct. 1955 (2007) ............................................................. 5

*Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*,
  98 F.3d 13 (2d Cir. 1996) ........................................................................ 9, 10

*Briefstein v. P.J. Rotondo Constr. Co.*,
  8 A.D.2d 349, 187 N.Y.S.2d 866 (1959) ....................................................... 10

*Butvin v. Doubleclick, Inc.*,
  No. 99 Civ. 4727 (JFK), 2000 WL 827673 (S.D.N.Y. June 26, 2000) ...................... 6, 10

*Cannon v. Douglas Elliman, LLC*,
  No. 06 Civ. 7092 (NRB), 2007 WL 4358456 (S.D.N.Y. Dec. 10, 2007)...................... 11

*Chambers v. Time Warner, Inc.*,
  282 F.3d 147 (2d Cir. 2002)......................................................................... 3

*Channel Master Corp. v. Aluminum Ltd. Sales, Inc.*,
  4 N.Y.2d 403, 151 N.E.2d 833, 176 N.Y.S.2d 259 (1958)............................... 9

*Crowley v. VisionMaker, LLC*,
  512 F. Supp. 2d 144 (S.D.N.Y. 2007)............................................................. 5

*Ellis v. Chao*,
  336 F.3d 114 (2d Cir. 2003)......................................................................... 7

## TABLE OF AUTHORITIES  [*continued*]

Page(s)

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*,
    375 F.3d 168 (2d Cir. 2004).........................................................................9, 13

*Forrest v. Unifund Financial Group, Inc.*,
    No. 04 Civ. 5151 (LTS), 2005 WL 1087490 (S.D.N.Y. May 6, 2005)..........................11

*Global Intellicom, Inc. v. Thomson Kernaghan & Co.*,
    No. 99 Civ. 342, 1999 WL 544708 (S.D.N.Y. July 27, 1999) .........................................5

*In re WorldCom, Inc.*,
    296 B.R. 115 (Bankr. S.D.N.Y. 2003) ...........................................................................14

*Leadsinger, Inc. v. Cole*,
    No. 05 Civ. 5606 (HBP), 2006 WL 2320544 (S.D.N.Y. Aug. 10, 2006).........................8

*Levy v. Bessemer Trust Co., N.A.*,
    No. 97 Civ. 1785, 1997 WL 431079 (S.D.N.Y. July 30, 1997) .......................................8

*Manning v. Utils. Mut. Ins. Co.*,
    254 F.3d 387 (2d Cir. 2001)............................................................................................10

*Matusovsky v. Merrill Lynch*,
    186 F. Supp. 2d 397 (S.D.N.Y. 2002).............................................................................7

*Menaldi v. Pay-Per-View Network, Inc.*,
    No. 97 Civ. 6451 (HB), 1998 WL 230994 (S.D.N.Y. 1998)..........................................12

*Pampillonia v. RJR Nabisco, Inc.*,
    138 F.3d 459 (2d Cir. 1998)............................................................................................14

*PdP Parfums De Paris, S.A. v. Int'l Designer Fragrances, Inc.*,
    901 F.Supp. 581 (E.D.N.Y. 1995) .................................................................................11

*Rapoport v. Asia Elecs. Holding Co.*,
    88 F. Supp. 2d. 179 (S.D.N.Y. 2000)...............................................................................7

*RGH Liquidating Trust v. Deloitte & Touche LLP*,
    47 A.D.3d 516, 851 N.Y.S. 2d 31 (1st Dep't 2008) ......................................................11

*Rocanova v. Equitable Life Assurance Society of the United States*,
    83 N.Y.2d 603, 612 N.Y.S.2d 339, 634 N.E.2d 940 (1994)...........................................14

*Schuman v. Gallet, Dreyer & Berkey, L.L.P.*,
    180 Misc. 2d 485, 689 N.Y.S.2d 628 (Sup. Ct. N.Y. County 1999) ..............................14

*Skluth v. United Merchants & Mfrs., Inc.*,
    163 A.D.2d 104, 559 N.Y.S.2d 280 (1st Dep't 1990) ....................................................14

## TABLE OF AUTHORITIES  [*continued*]

Page(s)

*Smith v. Local 819 I.B.T. Pension Plan,*
    291 F.3d 236 (2d Cir. 2002)................................................................................... 4

*Spellman v. Columbia Manicure Mfg. Co.,*
    111 A.D. 2d 320, 489 N.Y.S.2d 304 (2d Dep't 1985)................................. 9, 10

*Sudul v. Computer Outsourcing Servs.,*
    868 F. Supp. 59 (S.D.N.Y. 1994).................................................................... 9, 10

*Tierney v. Omnicom Group, Inc.,*
    No. 06 Civ. 14302 (LTS) (THK), 2007 WL 2012412 (S.D.N.Y. July 11,
    2007) ................................................................................................................... 8

*TVT Records v. Island Def Jam Music Group,*
    412 F.3d 82 (2d Cir. 2005)............................................................................... 10

*Volk v. Liggett Group Inc.,*
    No. 96 Civ. 1921 (SS), 1997 WL 107458 (S.D.N.Y. 1997)........................... 14

*W.B. David & Co. v. DWA Comms., Inc.,*
    No. 02 Civ. 8479, 2004 WL 369147 (S.D.N.Y. Feb. 26, 2004) ....................... 5

*Wolff v. Rare Medium, Inc.,*
    171 F. Supp. 2d 354 (S.D.N.Y. 2001)............................................................... 8

*Xuchang Rihetai Human Hair Goods Co., Ltd. v. Hanyu Int'l USA, Inc.,*
    No. 00 Civ. 5585 (DLC), 2001 WL 8438 (S.D.N.Y. Jan. 3, 2001) ................ 11

### Other Authorities

Restatement (Second) of Contracts § 284 (1981) ....................................... 14

### Rules

Fed. R. Civ. P. 9(b) ................................................................. 1, 2, 9, 12, 13

Fed. R. Civ. P. 9(g) .......................................................................... 11

Fed. R. Civ. P. 12(b)(6)............................................................. 1, 4, 5, 7

Fed. R. Civ. P. 12(d) ...................................................................... 15

## PRELIMINARY STATEMENT

Plaintiffs' claims against defendant Cambium Learning, Inc. ("Cambium" or "Defendant") for breach of contract and fraud are fundamentally and incurably defective and should be dismissed with prejudice.

Summarized succinctly, plaintiffs Colleen Jones and Reginald Powe ("Plaintiffs") allege that they were each a party to an employment agreement with Cambium and that Cambium allegedly breached these agreements by failing to allow Plaintiffs to exercise certain stock options Cambium granted them pursuant to these agreements.  Plaintiffs further allege that Cambium never intended to allow Plaintiffs to exercise these stock options, and that Cambium fraudulently misrepresented that Plaintiffs would be able to exercise these options.

For several independent reasons, Plaintiff's claims fail to satisfy Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.

First and foremost, Plaintiffs' claims for breach of contract fail because the stock options that they seek to exercise expired nearly two years ago, by their own terms, upon Plaintiffs' voluntary resignation from Cambium.

Second, the claims for breach of contract fail because Plaintiffs do not identify which contract provisions Cambium allegedly breached.  Plaintiffs merely point to the provisions in the employment agreements that purport to grant the stock options, but do not cite to any provisions of the stock option plan, which the employment agreements indicate actually governs the vesting and exercise of the stock options.

Third, Plaintiffs' fraud claims must be dismissed because they are merely duplicative of their breach of contract claims.  Under New York law, an assertion that a defendant made intentionally false statements regarding its intent to fulfill the terms of a contract is insufficient to state an independent fraud claim where plaintiffs have also asserted a breach of contract claim.

Fourth, Plaintiffs have failed to plead their fraud claims with the particularity required by Rule 9(b).  The Complaint merely makes conclusory allegations regarding Cambium's alleged misrepresentations and their reasonable reliance, without any of the factual details necessary to support such claims.  Fifth, Plaintiffs fraud claims fail as a matter of law, because Plaintiff cannot claim to have reasonably relied on any oral representations made by Cambium, where such representations were directly contrary to the express provisions of the employment agreements.

Finally, the claims asserted by plaintiff Powe must be dismissed because upon his termination from Cambium, he executed a general release that released any claims purportedly arising from his employment at Cambium, including the breach of contract and fraud claims alleged here.

For these and the other reasons set forth herein, Plaintiffs' Complaint should be dismissed in its entirety with prejudice.

## PLAINTIFFS' ALLEGATIONS

Defendant Cambium is a leading education company, founded in 2002, that provides intervention solutions for literacy and mathematics.  George A. Logue ("Logue") was Executive Vice President of Cambium, and Nader Darehshori ("Darehshori") was Chairman and Chief Executive Officer of Cambium.  Complaint ("Compl.") ¶¶ 10, 11.[1]

Plaintiffs Reginald Powe and Colleen Jones are former minority stockholders and employees of Metropolitan Teaching and Learning, a company that also provided services in the field of education.  In 2003, Cambium acquired the assets of Metropolitan Teaching and

---

[1]  A true and correct copy of Plaintiffs' Complaint, filed in New York State court on or about January 11, 2008, is attached to the Declaration of Megan A. Burns ("Burns Decl.") as Exhibit A.  Defendant timely removed this case to this Court on Februayy 27, 2008.

Learning, and hired the Plaintiffs.  *See* Compl. ¶¶ 13, 14, 22, 23, 36, 37, 45, 46.  When Plaintiffs accepted employment with Cambium, they each executed a letter of employment on or about October 28, 2003, governing the terms of their employment (the "Employment Agreements").[2] The Employment Agreements provided that Plaintiffs would be compensated by a base salary, to be reviewed on an annual basis, and annual performance bonuses.  The Employment Agreements also provided that Cambium would grant each Plaintiff a certain number of stock options (the "Stock Options").  Burns Decl. Ex. B ¶ 2, Ex. C ¶ 2.

Pursuant to the Employment Agreements, the Stock Options were to vest in accordance with Cambium's stock option plans.  Compl. ¶¶ 15, 38.  Cambium Learning, Inc.'s 2004 Stock Compensation Plan, dated April 28, 2004 and amended on April 12, 2006 (the "Stock Option Plan"), provides that "in the event of a Participant's voluntary resignation from and termination of Service with the Company, an Option shall automatically and immediately expire if not exercised prior to such Participant's final day of Service."[3]  Burns Decl. Ex. D ¶ 2.11.2.

Plaintiffs allege that at some unspecified point prior to or contemporaneously with entering into their Employment Agreements, Logue represented to Plaintiffs that they were "granted fully vested stock options."  Compl. ¶¶ 14, 23, 37, 46.  Plaintiffs further allege that, At an unspecified point prior to this lawsuit, Darehshori represented to Plaintiffs that the Stock

---

[2]  Although the Employment Agreements are not attached to the Complaint, they are properly considered in connection with this motion because they are referenced throughout the complaint and the complaint "relies heavily upon [their] terms and effect," thereby rendering the Agreements "integral to the complaint."  *Chambers v. Time Warner*, *Inc*., 282 F.3d 147, 152-53 (2d Cir. 2002).  The Powe Employment Agreement is attached to the Burns Decl. as Exhibit B.  The Jones Employment Agreement is attached to the Burns Decl. as Exhibit C.

[3]  Like the Employment Agreements, the Stock Option Plan is properly considered in connection with this motion because it is referenced in the Complaint and governs the Stock Options by the terms of Plaintiffs' Employment Agreements.  The Stock Option Plan is attached to the Burns Decl. as Exhibit D.

Options would be exercisable by Plaintiffs' "notwithstanding the termination of [their] employment with Defendant."  Compl. ¶¶ 17, 40.

In 2005 and 2006, Jones and Powe voluntarily resigned from Cambium.  Neither Plaintiff exercised his or her Stock Options before terminating their employment at Cambium.

On February 28, 2006, in connection with his resignation, plaintiff Powe executed a Separation Agreement and General Release (the "Release").  The Release released Cambium from all claims, "known or unknown, which [he] ever had against any of the Releasees arising out of or relating to [his] employment with the Company and/or the termination of [his] employment with the Company," including any "breach of any alleged employment contract" and any tort claims such as fraud.  Burns Decl. Ex. E.    In consideration for this release, Cambium paid Powe $102,083.00.  *Id.*

Plaintiffs commenced this action on January 11, 2008, long after they left employment with Cambium.  In the Complaint, Plaintiffs have sued Cambium for breach of contract, alleging that Cambium breached the Employment Agreements by refusing to allow Plaintiffs to exercise the Stock Options.  Plaintiffs have also sued Cambium for fraud, alleging that Cambium misrepresented to Plaintiffs that their Stock Options were fully vested at the time they entered into the Employment Agreements, and that this misrepresentation was made to induce Plaintiffs to sell the assets of Metropolitan Teaching and to enter into the Employment Agreements.

## **ARGUMENT**

Under Rule 12(b)(6), a cause of action should be dismissed if a complaint fails "to state a claim upon which relief can be granted."  "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Smith v. Local 819 I.B.T. Pension Plan,* 291 F.3d 236, 240 (2d Cir. 2002) (internal citation omitted). While pleading requirements are construed liberally, "[l]iberal construction has its limits, for the

pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader .... [i]f it fails to do so, a motion under Rule 12(b)(6) will be granted." *Crowley v. VisionMaker, LLC*, 512 F. Supp. 2d 144, 151 (S.D.N.Y. 2007). To survive a motion to dismiss, "the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Comms., Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* --- U.S. --- 127 S. Ct. 1955, 1965 (2007)).

## I.

## PLAINTIFFS' CLAIMS FOR
## BREACH OF CONTRACT SHOULD BE DISMISSED

To state a claim for breach of contract under New York law, a plaintiff must allege: (1) the existence of a contract; (2) that the plaintiff has performed his or her obligations under the contract; (3) that the defendant failed to perform its obligations thereunder; and (4) that plaintiff was thereby damaged. *See W.B. David & Co. v. DWA Comms., Inc.,* No. 02 Civ. 8479, 2004 WL 369147, at *2 (S.D.N.Y. Feb. 26, 2004); *Global Intellicom, Inc. v. Thomson Kernaghan & Co.,* No. 99 Civ. 342, 1999 WL 544708, at *18 (S.D.N.Y. July 27, 1999). The causes of action for breach of contract asserted by Plaintiffs here must be dismissed because (1) Plaintiffs' Stock Options have already expired by their terms, and Cambium has not breached any contractual obligation to allow them to exercise any Stock Options and (2) Plaintiffs fail to allege the specific contract terms that Cambium has allegedly breached.

### A.    Plaintiffs' Stock Options Have Already Expired By Their Terms

The gravamen of Plaintiffs' claims for breach of contract is that they are entitled to exercise Stock Options pursuant to their Employment Agreements and that Cambium breached the Employment Agreements by refusing to allow Plaintiffs to exercise these options. Plaintiffs are wrong. Any Stock Options Plaintiffs had expired by their terms upon Plaintiffs' voluntary

departure from Cambium. Therefore, Cambium is not, and has not been since Plaintiffs left the company, under any contractual obligation to allow Plaintiffs to exercise any Stock Options.

The Stock Options that Cambium granted Plaintiffs' when they joined the Company are governed by Cambium's Stock Option Plan. *See* Complaint ¶¶ 15, 38. The Employment Agreements incorporate by reference the terms of the Stock Option Plan. *See* Complaint ¶¶ 15, 38 (Stock Options "shall be subject to vesting provisions consistent with those under the stock option plans adopted by the Company"). *See also Butvin v. Doubleclick, Inc.*, No. 99 Civ. 4727 (JFK), 2000 WL 827673 (S.D.N.Y. June 26, 2000) (noting that employment agreement incorporated stock option plan by reference). Section 2.11.2 of the Stock Option Plan provides that "in the event of a Participant's voluntary resignation from and termination of Service with the Company, an Option shall automatically and immediately expire if not exercised prior to such Participant's final day of Service." Burns. Decl. Ex. D. Both Plaintiffs voluntarily resigned from Cambium, and therefore their unexercised options expired at that time.

Moreover, insofar as Plaintiffs' breach of contract claims are based on the allegation that the Stock Options were "fully vested," the claim must be dismissed because this allegation is directly contradicted by the Employment Agreements. Plaintiffs claim that as an inducement for the sale of Metropolitan Teaching and for their employment with Cambium, they were "granted fully vested stock options." Complaint ¶¶ 14, 23, 24, 29, 37, 46. This allegation is directly contradicted by the very provisions of the Employment Agreements quoted by Plaintiffs, which provide that the options "shall be subject to vesting provisions consistent with those under the stock option plans adopted by the Company." Complaint ¶¶ 15, 38. The governing Stock Option Plan provides that the options "shall vest . . . at the time or times specified in the Award Agreement." Burns Decl. Ex. D ¶ 1.2. "Where allegations set out in the complaint are contradicted by materials attached to or integral to the Complaint or incorporated by reference,"

the Court is not obliged to credit the allegations in the complaint." *Matusovsky v. Merrill Lynch*, 186 F. Supp. 2d 397, 399-400 (S.D.N.Y. 2002) (noting that in a 12(b)(6) context, "[i]f a plaintiff's allegations are contradicted by . . . a document, those allegations are insufficient to defeat a motion to dismiss."); *Rapoport v. Asia Elecs. Holding Co.*, 88 F. Supp. 2d. 179, 184 (S.D.N.Y. 2000) (finding where "documents contradict Plaintiff's allegations . . . this Court must grant Defendants' motion to dismiss").

Any Stock Options Plaintiffs had expired upon their voluntary resignation from the company, and there is no set of facts that Plaintiffs could plead that would support a breach of contract claim. The First and Third Causes of Action should therefore be dismissed with prejudice. *See Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003) ("[L]eave to amend a complaint need not be granted when amendment would be futile.").

**B.    The Complaint Fails to Allege The Specific Contract Terms That Defendant Breached**

The only allegations regarding the contracts that Cambium is alleged to have breached occur in only two paragraphs in the Complaint that refer to almost identical provisions in Plaintiffs' Employment Agreements:

> Stock Options. Initial grant equal to 0.5% of the common equivalent shares outstanding in Cambium Learning Company immediately after the first acquisition of the assets of Metropolitan Teaching and Learning Company but before any further capital contributions. The exercise price of the options shall be their fair market value at the time of issuance, and they shall be subject to vesting provisions consistent with those under the stock option plans adopted by the Company.

Compl. ¶ 15. *See also id.* ¶ 38.

The provision of the Employment Agreements cited by Plaintiffs fails to indicate the precise number of Stock Options granted, the precise strike price of the options, the vesting schedule of the options, and the mechanism for exercise. These details are all "critical" elements of any stock option, and thus these provisions are insufficient to support a breach of contract

claim. *See Tierney v. Omnicom Group, Inc.*, No. 06 Civ. 14302 (LTS) (THK), 2007 WL 2012412, at *6 (S.D.N.Y. July 11, 2007) (dismissing breach of contract claim where employment agreement "does not address what kind of performance was intended to merit additional awards, when the additional awards would be given, how many shares would be granted, or what their strike prices would be").

In pleading the elements of a breach of contract claim, "a plaintiff must identify what provisions of the contract were breached as a result of the acts at issue." *Wolff v. Rare Medium, Inc.,* 171 F. Supp. 2d 354, 358 (S.D.N.Y. 2001) (citing *Levy v. Bessemer Trust Co., N.A.,* No. 97 Civ. 1785, 1997 WL 431079, at *5 (S.D.N.Y. July 30, 1997)).  Based on the provision of the Employment Agreements cited in the Complaint, it is clear that any purported agreement regarding Plaintiffs' Stock Options is governed by a separate agreement or agreements, "the stock option plans adopted by the company."  As such, Plaintiffs' reference to the above provision "does not provide the essential terms of the putative agreement that [Cambium] allegedly breached."  *See e.g., Leadsinger, Inc. v. Cole*, No. 05 Civ. 5606 (HBP), 2006 WL 2320544, at *10 (S.D.N.Y. Aug. 10, 2006).  Indeed, Plaintiffs' complaint is not that Cambium failed to <u>grant</u> Plaintiffs any Stock Options – which is the only thing that the Employment Agreements obligated Cambium to do – but that Cambium failed to permit <u>exercise</u> of those Stock Options, which is plainly governed by the Stock Option Plain.  Yet Plaintiffs utterly fail to set out the terms of the Stock Option Plan or to explain how such terms were allegedly breached.

Accordingly, the breach of contract claims should be dismissed.

## II.

## <u>PLAINTIFFS' CLAIMS FOR FRAUD SHOULD BE DISMISSED</u>

To state a claim for fraud or fraudulent inducement under New York law, "a plaintiff must show that (1) the defendant made a material false representation, (2) the defendant intended

to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and

(4) the plaintiff suffered damage as a result of such reliance." *Eternity Global Master Fund Ltd.*

*v. Morgan Guar. Trust Co.*, 375 F.3d 168, 186-87 (2d Cir. 2004) (*citing Banque Arabe et*

*Internationale D'Investissement v. Maryland Nat'l Bank,* 57 F.3d 146, 153 (2d Cir. 1995)); *see*

*also Channel Master Corp. v. Aluminum Ltd. Sales, Inc.*, 4 N.Y.2d 403, 151 N.E.2d 833, 176

N.Y.S.2d 259 (1958).  The Court should dismiss Plaintiffs' fraud claims because (1) Plaintiffs

fail to state a claim for fraud that is independent of its contract claim, as required by New York

law, (2) Plaintiffs' fraud claims fail because Plaintiff cannot prove the element of reliance as a

matter of law, and (3) Plaintiffs fail to plead fraud with sufficient particularity as required by

Federal Rule of Civil Procedure 9(b).

**A.**     **Plaintiffs Do Not Plead Any Independent Cause Of Action For Fraud**

      **1.**     **An Allegation That Defendant Did Not Intend To Perform Under A Contract Is Insufficient To State A Claim For Fraud**

Plaintiffs' fraud claims are, in fact, thinly veiled restatements of their breach of contract

claims.  New York law requires that there be an independent basis for a fraud claim when it is

brought in conjunction with a breach of contract claim.  *See Bridgestone/Firestone, Inc. v.*

*Recovery Credit Servs., Inc.,* 98 F.3d 13, 19-20 (2d Cir. 1996).  Because there is no such

independent basis for Plaintiffs' assertions of fraud, the Second and Fourth Causes of Action

should be dismissed with prejudice.

New York law prohibits a plaintiff from "bootstrapp[ing] a breach of contract claim into

a fraud claim by simply including in his complaint that defendant never intended to uphold his

end of the deal."  *Sudul v. Computer Outsourcing Servs.*, 868 F. Supp. 59, 62 (S.D.N.Y. 1994);

*see also Spellman v. Columbia Manicure Mfg. Co.*, 111 A.D. 2d 320, 323, 489 N.Y.S.2d 304,

307 (2d Dep't 1985).  "To say that a contracting party intends when he enters an agreement not

to be bound by it is not to state 'fraud' in an actionable area, but to state a willingness to risk

paying damages for breach of contract." *Sudul*, 868 F. Supp at 62 (quoting *Briefstein v. P.J. Rotondo Constr. Co.*, 8 A.D.2d 349, 187 N.Y.S.2d 866, 868 (1959)); *see also Spellman*, 489 N.Y.S.2d at 307. As the Second Circuit has consistently held, generally, an allegation that a party entered into a contract with no intention of performing that contract is insufficient to support a fraud claim under New York law. *See TVT Records v. Island Def Jam Music Group*, 412 F.3d 82, 91 (2d Cir. 2005); *Manning v. Utils. Mut. Ins. Co.*, 254 F.3d 387, 401 (2d Cir. 2001); *Bridgestone/Firestone*, 98 F.3d 13, 19-20 (2d Cir. 1996).

Plaintiffs' fraud claims must be dismissed. Plaintiffs allege that Cambium persuaded them to enter into the Employment Agreements by falsely promising that they would allow Plaintiffs to exercise stock options, apparently even after Plaintiffs' employment with Cambium was terminated. As discussed above, Plaintiffs also make claims for breach of contract, asserting that Cambium breached the Employment Agreements when it allegedly failed to fulfill its contractual obligations to allow Plaintiffs to exercise their options. Plaintiff's fraud claims are based entirely upon Cambium's alleged failure to perform its contractual obligation of allowing Plaintiffs to exercise Stock Options, and they therefore must be dismissed.

**2.      None Of The Narrow Exceptions To This General Rule Apply Here**

There are three narrow circumstances in which a plaintiff can state a claim for fraud based on the same circumstances that give rise to a breach of contract claim. A plaintiff must either (a) allege a legal duty separate from the duty to perform under the contract; (b) assert a fraudulent misrepresentation collateral or extraneous to the contract; or (c) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages. *Butvin v. Doubleclick, Inc.*, No. 99 Civ. 4724 (JFK), 2000 WL 827673, at *8-9 (S.D.N.Y. June 26, 2000), (citing *Bridgestone/Firestone, Inc.* 98 F.3d at 19).

The Complaint does not mention a single alleged misrepresentation made by Cambium regarding "collateral or extraneous" matters.  Rather, Cambium's promise to provide Stock Options is an express term of the contract and is in no way independent from the obligations imposed by the Employment Agreements.  *See e.g.*, *RGH Liquidating Trust v. Deloitte & Touche LLP*, 47 A.D.3d 516, 851 N.Y.S. 2d 31, 32 (1st Dep't 2008) (dismissing fraud claims "since they are based on alleged fraudulent misrepresentations related to defendants' obligation under their agreements").  Nor can Plaintiffs claim, and they did not plead, that Cambium owes them an extra-contractual duty that would allow them to bring a fraud claim and breach of contract claim simultaneously.  Finally, Plaintiffs have alleged no special damages, and no facts upon which to predicate recovery of such damages.[4]  Plaintiffs do request punitive damages, but this is "insufficient to trigger the application of the special damages exception." *Cannon v. Douglas Elliman, LLC*, No. 06 Civ. 7092 (NRB), 2007 WL 4358456, at *9 (S.D.N.Y. Dec. 10, 2007); *Xuchang Rihetai Human Hair Goods Co., Ltd. v. Hanyu Int'l USA, Inc.*, No. 00 Civ. 5585 (DLC), 2001 WL 8438, at *2 (S.D.N.Y. Jan. 3, 2001).

Because the Second and Fourth Causes of Action of the Complaint plead no facts other than Defendant's alleged misrepresentation that Cambium intended to perform the terms of the Employment Agreements, those causes of action must be dismissed for failing to state a claim for fraud upon which relief can be granted.  Because the fraud claims are merely duplicative of

---

[4] Federal Rule of Civil Procedure 9(g) requires that "[w]hen items of special damages are claimed they must be specifically stated." FED. R. CIV. P. 9(g).  "Special damages are those that are not the necessary result of the complained of act and the plaintiff should allege facts upon which to predicate recovery of such damages." *PdP Parfums De Paris, S.A. v. Int'l Designer Fragrances, Inc.*, 901 F.Supp. 581, 585 (E.D.N.Y. 1995); *see also Forrest v. Unifund Financial Group, Inc.*, No. 04 Civ. 5151 (LTS), 2005 WL 1087490, at *6 (S.D.N.Y. May 6, 2005).

11

the breach of contract claims, there is no set of facts that Plaintiffs can allege to support their fraud claims.

**B.      Plaintiff Cannot Plead Reasonable Reliance As A Matter Of Law**

As explained above, an element of a fraud claim under New York law is reasonable reliance on the Defendant's alleged misrepresentations.  Though Plaintiffs' Complaint contains the conclusory allegation that they "reasonably relied" upon Logue's statements, this reliance is not reasonable as a matter of law.

Each of the Employment Agreements contains an integration clause, which expressly provides that the agreements "contain the entire agreement between you and the company and replace[] all prior communications, agreements and understandings, written or oral, with respect to the terms and conditions of your employment."  Burns Decl. Ex. B ¶ 6, Ex. C. ¶ 6.  While "[a] general integration clause such as the one here does not normally bar claims of fraudulent inducement," under New York law, "where an express provision in the contract expressly contradicts the claimed fraudulent oral representation, a fraud claim cannot lie."  *Menaldi v. Pay-Per-View Network, Inc.*, No. 97 Civ. 6451 (HB), 1998 WL 230994, at *2  (S.D.N.Y. 1998) (dismissing fraud claim where contract contradicted claimed oral representation) (citing *Bango v. Naughton*, 184 A.D.2d 961, 963, 584 N.Y.S.2d 942, 944 (3d Dep't 1992) (same)).  "The conflict between the provisions of the written contract and the oral representations negates the claim of reliance upon the latter."  *Id.*

The Employment Agreements specifically provide that the Stock Options would vest pursuant to the company's Stock Option Plan.  Plaintiffs cannot claim that they reasonably relied on oral statements that the options were fully vested at the time the Plaintiffs entered into the Employment Agreements, where such statements contradicted the express terms of the Stock Option Plan.  Plaintiffs' claims for fraud therefore fail as a matter of law.

**C.    Plaintiffs' Fraud Claims Are Not Pleaded With Sufficient Particularity**

Even if Plaintiffs' fraud claims were sufficiently independent of their breach of contract claims, Plaintiffs have failed to plead fraud with sufficient particularity as required by Federal Rule of Civil Procedure 9(b).  A plaintiff is required to "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent."  *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 186-87 (2d Cir. 2004).  Allegations that are conclusory or unsupported by factual assertions are insufficient.  *ATSI Comm., Inc.*, 493 F.3d at 99.  The Complaint must allege "particularized facts to support the inference that the defendants acted recklessly or with fraudulent intent."  *Eternity Global*, 375 F.3d at 187.

Plaintiffs have failed to plead their fraud claims with any particularity whatsoever.  Plaintiffs do not allege when and where Logue made representations that the Stock Options set forth in the Employment Agreement were fully vested.  Nor do they allege any facts supporting their conclusory assertions that Cambium intended to defraud them.  Plaintiffs do not allege that Logue knew these statements were false when he made them or that he had the requisite scienter.  *See id.* (holding that although "[m]alice, intent, knowledge and other condition of mind of a person may be averred generally . . . this leeway is not a license to base claims of fraud on speculation and conclusory allegations") (citations and internal quotation marks omitted).  The Court should therefore dismiss Plaintiffs' fraud claims for failure to comply with the pleading requirements of Rule 9(b).

## III.

### PLAINTIFF POWE'S CLAIMS MUST BE DISMISSED BECAUSE HE RELEASED ANY CLAIMS HE HAD AGAINST CAMBIUM

In addition to the other reasons for dismissal set forth above, Powe's claims against Cambium must be dismissed because, upon his termination of employment, he executed the Release in which he released and discharged Cambium from these claims.  Burns Decl. Ex. E.  "Contract principles apply to the interpretation of releases."  *Bartel Dental Books Co., Inc. v. Schultz*, 786 F.2d 486, 488 (2d Cir. 1986); *see also* Restatement (Second) of Contracts § 284 comment c (1981) ("The rules of interpretation that apply to contracts generally apply also to writings that purport to be releases.").  As such, "an unambiguous general release . . . must be governed by its plain meaning."  *Volk v. Liggett Group Inc*., No. 96 Civ. 1921 (SS), 1997 WL 107458, at *4 (S.D.N.Y. 1997) (citing *Rocanova v. Equitable Life Assurance Society of the United States,* 83 N.Y.2d 603, 616, 612 N.Y.S.2d 339, 344, 634 N.E.2d 940, 945 (1994) ("Inasmuch as the language of the release is clear, effect must be given to the intent of the parties as indicated by the language employed.") (internal citations and quotation marks omitted)).

Under New York law, a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced.  *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 463 (2d Cir. 1998) (citing *Skluth v. United Merchants & Mfrs., Inc.,* 163 A.D.2d 104, 106, 559 N.Y.S.2d 280, 282 (1st Dep't 1990)).  "The execution of a release represents a serious contractual undertaking, and policy dictates that the terms contained therein be accorded a strong presumption of validity by the Court."  *In re WorldCom, Inc.*, 296 B.R. 115, 120 (Bankr. S.D.N.Y. 2003).  "When faced with a deliberately prepared and executed written agreement, a heavy presumption exists that such agreement manifests the parties' true intentions, and evidence of a very high order is necessary to overcome this presumption."  *Id.* (citing *Schuman v. Gallet,*

*Dreyer & Berkey, L.L.P.,* 180 Misc. 2d 485, 689 N.Y.S.2d 628, 630 (Sup. Ct. N.Y. County 1999)).

Here, the release is clear and unambiguous. Powe released Cambium from all claims, "known or unknown, which [he] ever had against any of the Releasees arising out of or relating to [his] employment with the Company and/or the termination of [his] employment with the Company," including any "breach of any alleged employment contract" and any tort claims such as fraud. Burns Decl. Ex. E. In consideration for this release, Cambium paid Powe $102,083.00. *Id.* Powe nowhere excepted the Stock Options from the Release. Further, the Release provides that it "supersedes any and all prior oral or written agreements or understandings between you and the Company concerning the subject matter of this Agreement" and that "[t]his Agreement may not be altered, amended or modified, except by a further written document signed by you and the company." *Id.* The Court should give effect to the Release, which clearly "manifests the parties' true intentions" and dismiss the causes of action brought by Plaintiff Powe against Cambium.[5]

## **CONCLUSION**

For the reasons set forth above, Defendant Cambium Learning, Inc. respectfully requests that this Court dismiss Plaintiffs' Complaint in its entirety with prejudice.

---

[5] To the extent the Court believes it necessary, in order to consider the Release, to convert this aspect of the motion to a motion for summary judgment, Cambium respectfully requests that the Court do so, pursuant to Fed. R. Civ. P. 12(d).

Dated: New York, New York
       March 26, 2008


                              GIBSON, DUNN & CRUTCHER LLP


                              By:   s/ Marshall R. King
                                    Marshall R. King (MK-1642)
                                    Megan A. Burns (MB-1243)

                                    200 Park Avenue, 47th Floor
                                    New York, New York 10166-0193
                                    (212) 351-4000

                                    Attorneys for Defendant
                                    Cambium Learning, Inc.

CAMBIUM_ Motion to Dismiss (2) (2).DOC