This watermark does not appear in the registered version - http://www.clicktoconvert.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
REGINALD POWE and COLLEEN JONES,                    08-CV-1963 (JGK)

                              Plaintiffs,                    ECF Case

             -against-

CAMBIUM LEARNING, INC.,
                              Defendant.
-------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANT,
CAMBIUM LEARNING, INC.'S, MOTION TO DISMISS**

RICHARD A. KRASLOW, P.C.
Of Counsel to Alan G. Kraut, Esq.
425 Broad Hollow Road, Suite 206
Melville, New York  11747

Attorneys for Plaintiffs
REGINALD POWE and COLLEEN JONES

This watermark does not appear in the registered version - http://www.clicktoconvert.com

## TABLE OF CONTENTS

PRELIMINARY STATEMENT…………………………………………..1

PLAINTIFFS' ALLEGATIONS……………………………………….3

    THE JONES EMPLOYMENT AGREEMENT…………………………4

    THE POWE EMPLOYMENT AGREEMENT…………………………5

    THE FRAUD ALLEGATIONS OF PLAINTIFF
    COLLEEN JONES…………………………………………………..6

    THE FRAUD ALLEGATIONS OF PLAINTIFF
    REGINALD POWE……………………………………………..8

ARGUMENT……………………………………………………11

I.    PLAINTIFFS HAVE ADEQUATELY PLED A CAUSE OF
    ACTION FOR BREACH OF CONTRACT…………………………..12

II.    PLAINTIFFS' CLAIMS FOR FRAUD SHOULD BE
    SUSTAINED…………………………………………………16

III.    THE SEPARATION AGREEMENT DATED FEBRUARY
    8, 2006 DOES NOT BAR RELIEF CLAIMED BY
    PLAINTIFF, REGINALD POWE……………………………….19

CONCLUSION………………………………………………20

This watermark does not appear in the registered version - http://www.clicktoconvert.com

# TABLE OF AUTHORITIES

## Cases

*Brower v. NYDIC, Inc.*,
  1 F. Supp. 2d 325; 1998 U.S. Dist. LEXIS 4814 (S.D.N.Y. 1998)……………...19

*Chase v. Columbia National Corporation, David Miller and James D. Larr*,
  832 F. Supp. 654; 1993 U.S. Dist. LEXIS 12589 (S.D.N.Y. 1993)……………20

*Citicorp Int'l Trading Co., Inc. v. Western Oil & Refining Co., Inc.*,
  790 F. Supp. 428, 435 (S.D.N.Y. 1992)………………………………………..19

*Conley v. Gibson*,
  355 U.S. 41, 45-46, 2 L. Ed. 2nd 80, 78 S. Ct. 99 (1957)………………………13

*Consarc Corporation v. Marine Midland Bank, NA*,
  996 F.2d 568, 1993 U.S. App. LEXIS 13777…………………………………...17

*Cosmas v. Hassett*,
  886 F.2d 8 (2d Cir. 1989)………………………………………………………19

*Davis v. Zahradnick*,
  600 F.2d 458, 460 (4th Cir. 1979)………………………………………………15

*Deerfield Comms. Corp. v. Cheeseborough-Ponds, Inc.*,
  68 N.Y.2d 954, 956, 503 N.E.2d 103, 104, 510 N.Y.S.2d 88, 89 (1986)…….18,20

*Estate of Smith v. Tarrant County Hospital District*,
  691 F.2d 207, 208 (5th Cir. 1982)………………………………………………15

*Gagliardi v. Village of Pawling*,
  18 F.3d 188, 191 (2d Cir. 1994)………………………………………………13

*Goldman v. Belden*,
  754 F.2d 1059, 1067 (2d Cir. 1985)……………………………………………..13

*Hobart v. Schuler*,
  55 N.Y.2d 1023, 1024, 434 N.E.2d 715, 716, 449 N.Y.S.2d 479, 480 (1982)…..20

*La Bounty v. Adler*,
  933 F.2d 121, 123 (2d Cir. 1991) (addressing Rule 12(b)(6))…………………...13

This watermark does not appear in the registered version - http://www.clicktoconvert.com

## TABLE OF AUTHORITIES [*continued*]

*Ryder Energy Distribution Corporation v. Merrill Lynch Commodities, Inc.,*
*E.F. Hutton & Co., Inc. and New York Mercantile Exchange*,
    748 F.2d 774; 1984 U.S. App. LEXIS 16672 (2d Cir. 1984)……………………15

*Scheuer v. Rhodes*,
    416 U.S. 232, 236, 40 L. Ed. 90, 94 S. Ct. 1683 (1974)…………………………13

*Stone v. National Bank & Trust Co.*,
    188 A.D.2d 865, 591 N.Y.S.2d 609 (3d Dept. 1992)……………………………21

*WIT Holding Corp. v. Klein*,
    282 A.D.2d 527, 528, 724 N.Y.S.2d 66 (2d Dept. 2001)………………………..18

## Rules

*Fed. R. Civ. P. 8(a)(2)*……………………………………………………………………13

*Fed. R. Civ. P. 8(f)*………………………………………………………………………13

*Fed. R. Civ. P. 15(a)*……………………………………………………………………..22

*Fed. R. Civ. P. 56*………………………………………………………………………...15

This watermark does not appear in the registered version - http://www.clicktoconvert.com

## PRELIMINARY STATEMENT

The claims of Plaintiffs, Reginald Powe and Colleen Jones, as particularized in their Verified Complaint dated January 8, 2008, strictly comply with the pleading requirements of Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure and set forth a cognizable cause of action against Defendant, Cambium Learning, Inc., for breach of contract and fraud.

In a classic case of "bait and switch", Defendant, Cambium Learning, Inc., has, in support of its instant application, misplaced reliance upon the terms and provisions of its Amended and Restated 2004 Stock Compensation Plan dated April 28, 2004, as amended April 12, 2006. As is readily apparent, the referenced Plan has no practical application to the case at bar.

The Agreement of Purchase and Sale of Assets between Metropolitan Teaching and Learning Co., Inc. and Defendant, Cambium Learning, Inc., dated October 28, 2003, makes specific reference to the grant of stock options or similar equity based compensation to Plaintiffs, Reginald Powe and Colleen Jones, as is more particularly set forth in the Employment Agreements of Plaintiffs, Reginald Powe and Colleen Jones, dated October 28, 2003, six (6) months prior to the adoption by Defendant, Cambium Learning, Inc., of its Amended and Restated 2004 Stock Compensation Plan dated April 28, 2004, as amended April 12, 2006.

The stock options set forth in the Employment Agreements of Plaintiffs, Reginald Powe and Colleen Jones, dated October 28, 2003, were fully vested upon execution of the Employment Agreements and were in addition to those stock options granted to employees of Defendant, Cambium Learning, Inc., pursuant to employee benefit plans

This watermark does not appear in the registered version - http://www.clicktoconvert.com

which might later be adopted by the company, including, without limitation, the Amended and Restated 2004 Stock Compensation Plan dated April 28, 2004, as amended April 12, 2006.

The fraud claims of Plaintiffs, Reginald Powe and Colleen Jones, allege fraud in the inducement by Defendant, Cambium Learning, Inc., which misrepresentation is collateral to Plaintiffs' Employment Agreements dated October 28, 2003, and which served as an inducement for the sale by Plaintiffs, Reginald Powe and Colleen Jones, of their interest in and to Metropolitan Teaching and Learning Company and for Plaintiffs' acceptance of employment with Defendant, Cambium Learning, Inc.  The fraud allegations of Plaintiffs, Reginald Powe and Colleen Jones, as contained in their Second and Fourth Causes of Action, do not duplicate Plaintiffs' contract claims and are, themselves, sufficient to sustain an independent cause of action alleging fraud.

For these and such other reasons set forth herein, the application of Defendant, Cambium Learning, Inc., should be denied in its entirety.

## PLAINTIFFS' ALLEGATIONS

Metropolitan Teaching and Learning Company was a New York Corporation which provided services in the field of education.  Plaintiffs, Reginald Powe and Colleen Jones, were principals and controlling shareholders of Metropolitan Teaching and Learning Company.

Defendant, Cambium Learning, Inc., is an education company that provides intervention solutions for literacy and mathematics.  At all times relevant hereto, George A. Logue was Executive Vice President of Defendant, Cambium Learning, Inc., and was acting for and on behalf of Defendant in the scope of his employment.  At all times

This watermark does not appear in the registered version - http://www.clicktoconvert.com

relevant hereto, Nader Darehshori was Chairman and Chief Executive Officer of Defendant, Cambium Learning, Inc., and was acting for and on behalf of Defendant in the scope of his employment.

Plaintiffs, Reginald Powe and Colleen Jones, entered into an Agreement of Purchase and Sale of Assets with Defendant, Cambium Learning, Inc., dated October 28, 2003, which contemplated the continued employment of Plaintiffs, Reginald Powe and Colleen Jones.  In addition, the Agreement of Purchase and Sale of Assets dated October 28, 2003, anticipated that Defendant, Cambium Learning, Inc., would, as additional consideration, provide Plaintiffs, Reginald Powe and Colleen Jones, with stock options or similar equity based compensation.

**THE JONES EMPLOYMENT AGREEMENT**

On October 28, 2003, Plaintiff, Colleen Jones, entered into an Employment Agreement with Defendant, Cambium Learning, Inc., pursuant to which Defendant, Cambium Learning, Inc., agreed to employ Plaintiff, Colleen Jones, as Senior Vice President of Metropolitan Teaching and Learning Company, an imprint of Defendant, Cambium Learning, Inc., (hereinafter the "Jones Employment Agreement").

Pursuant to the Jones Employment Agreement, and as an inducement for the sale of Plaintiff, Colleen Jones', interest in Metropolitan Teaching and Learning Company, and for Plaintiff, Colleen Jones', employment with Defendant, Cambium Learning, Inc., Plaintiff, Colleen Jones, was granted fully vested stock options (hereinafter the "Stock Options"), in addition to such other benefits contained within the Jones Employment Agreement, including those benefits granted pursuant to employee benefit plans from time to time in effect generally for company employees.

The Jones Employment Agreement provided in pertinent part that:

This watermark does not appear in the registered version - http://www.clicktoconvert.com

> "**Stock Options**.  Initial grant equal to 0.5% of the common equivalent shares outstanding in Cambium Learning Company <u>immediately after the first acquisition of the assets of Metropolitan Teaching and Learning Company but before any further capital contributions</u>.  The exercise price of the options shall be their fair market value at the time of issuance, and they shall be subject to vesting provisions consistent with those under the stock option plans adopted by the Company." [emphasis added]

Plaintiff, Colleen Jones, had, during her employment, made repeated demand of Defendant, Cambium Learning, Inc., that it allow Plaintiff, Colleen Jones, to exercise the Stock Options provided her in the Jones Employment Agreement.  However, Defendant, Cambium Learning, Inc., repeatedly failed and/or refused to provide information regarding the exercise of the Stock Options and/or to allow Plaintiff, Colleen Jones, to exercise the Stock Options during employment and post-termination, notwithstanding assurances made by Defendant, Cambium Learning, Inc., by and through its Chairman and Chief Executive Officer, Nader Darehshore, that the Stock Options would be exercisable by Plaintiff, Colleen Jones, notwithstanding the termination of her employment with Defendant, Cambium Learning, Inc.

## THE POWE EMPLOYMENT AGREEMENT

On October 28, 2003, Plaintiff, Reginald Powe, entered into an Employment Agreement with Defendant, Cambium Learning, Inc., pursuant to which Defendant, Cambium Learning, Inc., agreed to employ Plaintiff, Reginald Powe, as Senior Vice President, Customized Education Solutions of Defendant, Cambium Learning, Inc., (hereinafter the "Powe Employment Agreement").

Pursuant to the Powe Employment Agreement, and as an inducement for the sale of Plaintiff, Reginald Powe's, interest in Metropolitan Teaching and Learning Company, and for Plaintiff, Reginald Powe's, employment with Defendant, Cambium Learning, Inc., Plaintiff, Reginald Powe, was granted fully vested stock options (hereinafter the

This watermark does not appear in the registered version - http://www.clicktoconvert.com

"Stock Options"), in addition to such other benefits contained within the Powe Employment Agreement, including those benefits granted pursuant to employee benefit plans from time to time in effect generally for company employees.

The Powe Employment Agreement provided in pertinent part that:

> "**Stock Options**.  Initial grant equal to 1.0% of the common equivalent shares outstanding in Cambium Learning Company <u>immediately after the first acquisition of the assets of Metropolitan Teaching and Learning Company but before any further capital contributions</u>.  The exercise price of the options shall be their fair market value at the time of issuance, and they shall be subject to vesting provisions consistent with those under the stock option plans adopted by the Company."  [emphasis added]

Plaintiff, Reginald Powe, had, during his employment, made repeated demand of Defendant, Cambium Learning, Inc., that it allow Plaintiff, Reginald Powe, to exercise the Stock Options provided him in the Powe Employment Agreement.  However, Defendant, Cambium Learning, Inc., repeatedly failed and/or refused to provide information regarding the exercise of the Stock Options and/or to allow Plaintiff, Reginald Powe, to exercise the Stock Options during employment and post-termination, notwithstanding assurances made by Defendant, Cambium Learning, Inc., by and through its Chairman and Chief Executive Officer, Nader Darehshore, that the Stock Options would be exercisable by Plaintiff, Reginald Powe, notwithstanding the termination of his employment with Defendant, Cambium Learning, Inc.

**THE FRAUD ALLEGATIONS OF PLAINTIFF, COLLEEN JONES**

Plaintiff, Colleen Jones, has alleged that Defendant, Cambium Learning, Inc., had represented to Plaintiff, Colleen Jones, that the Stock Options set forth in the Jones Employment Agreement were fully vested upon execution of the Jones Employment Agreement and were in addition to those Stock Options granted to employees of

This watermark does not appear in the registered version - http://www.clicktoconvert.com

Defendant, Cambium Learning, Inc., pursuant to employee benefit plans from time to time in effect generally for company employees.

The representations made by Defendant, Cambium Learning, Inc., by and through its employee, agent and representative, George A. Logue, Executive Vice President, were made to Plaintiff, Colleen Jones, as and for an inducement for Plaintiff, Colleen Jones, to sell her interest in Metropolitan Teaching and Learning Company to Defendant, Cambium Learning, Inc., and for Plaintiff, Colleen Jones, to enter into the Jones Employment Agreement and agree to employment with Defendant, Cambium Learning, Inc., as Senior Vice President and Publisher.

Pursuant to the representations made by Defendant, Cambium Learning, Inc., by and through its employee, agent and representative, George A. Logue, Plaintiff, Colleen Jones, agreed to, and did, sell her interest in Metropolitan Teaching and Learning Company to Defendant, Cambium Learning, Inc., and agreed to, and did, enter into the Jones Employment Agreement and accept employment as Senior Vice President and Publisher.

Notwithstanding the representations and assurances made by Defendant, Cambium Learning, Inc., by and through its employee, agent and representative, George A. Logue, regarding the Stock Options earned by Plaintiff, Colleen Jones, upon execution of the Jones Employment, Defendant, Cambium Learning, Inc., refused repeated requests for information regarding exercise of the Stock Options and have failed and refused, after due demand, to allow Plaintiff, Colleen Jones, to exercise the Stock Options.

The representations of Defendant, Cambium Learning, Inc., regarding the grant of the fully vested stock options to Plaintiff, Colleen Jones, were false when made and were

This watermark does not appear in the registered version - http://www.clicktoconvert.com

made for the purposes of inducing the Plaintiff, Colleen Jones, to sell her interest in and to Metropolitan Teaching and Learning Company to Defendant and to accept employment with Defendant, Cambium Learning, Inc.

The representations of Defendant, Cambium Learning, Inc., were materially false and misleading and were intended to deceive the Plaintiff, Colleen Jones, with the intention of securing the sale of Plaintiff's interest in and to Metropolitan Teaching and Learning Company to Defendant, Cambium Learning, Inc., and her employment with Defendant, Cambium Learning, Inc. Defendant, Cambium Learning, Inc., knew that the representations made by it, by and through its employees, agents and representatives, were materially false and misleading, had no intention of allowing the exercise of the Stock Options and made the representations with the specific intention to deceive Plaintiff, Colleen Jones, of and from her interest in and to Metropolitan Teaching and Learning Company and to secure her employment with Defendant, Cambium Learning, Inc. Plaintiff, Colleen Jones, reasonably relied upon the representations of Defendant, Cambium Learning, Inc., in agreeing to sell, and selling, her interest in and to Metropolitan Teaching and Learning Company to Defendant, Cambium Learning, Inc., and in accepting employment with Defendant, Cambium Learning, Inc.

Upon information and belief, Defendant, Cambium Learning, Inc., did not, on October 28, 2003, maintain a stock compensation plan or any other mechanism necessary to effectuate the transfer of the Stock Options as contemplated by the terms and provisions of the Jones Employment Agreement.

**THE FRAUD ALLEGATIONS OF PLAINTIFF, REGINALD POWE**

Plaintiff, Reginald Powe, has alleged that Defendant, Cambium Learning, Inc., had represented to Plaintiff, Reginald Powe, that the Stock Options set forth in the Powe

This watermark does not appear in the registered version - http://www.clicktoconvert.com

Employment Agreement were fully vested upon execution of the Powe Employment Agreement and were in addition to those Stock Options granted to employees of Defendant, Cambium Learning, Inc., pursuant to employee benefit plans from time to time in effect generally for company employees.

The representations made by Defendant, Cambium Learning, Inc., by and through its employee, agent and representative, George A. Logue, Executive Vice President, were made to Plaintiff, Reginald Powe, as and for an inducement for Plaintiff, Reginald Powe, to sell his interest in Metropolitan Teaching and Learning Company to Defendant, Cambium Learning, Inc., and for Plaintiff, Reginald Powe, to enter into the Powe Employment Agreement and agree to employment with Defendant, Cambium Learning, Inc., as Senior Vice President, Customized Education Solutions.

Pursuant to the representations made by Defendant, Cambium Learning, Inc., by and through its employee, agent and representative, George A. Logue, Plaintiff, Reginald Powe, agreed to, and did, sell his interest in Metropolitan Teaching and Learning Company to Defendant, Cambium Learning, Inc., and agreed to enter into the Powe Employment Agreement and to accept employment as Senior Vice President, Customized Education Solutions.

Notwithstanding the representations and assurances made by Defendant, Cambium Learning, Inc., by and through its employee, agent and representative, George A. Logue, regarding the Stock Options earned by Plaintiff, Reginald Powe, upon execution of the Powe Employment Agreement, Defendant, Cambium Learning, Inc., refused repeated requests for information regarding exercise of the Stock Options and has

This watermark does not appear in the registered version - http://www.clicktoconvert.com

failed and refused, after due demand, to allow Plaintiff, Reginald Powe, to exercise the Stock Options.

The representations of Defendant, Cambium Learning, Inc., regarding the grant of the fully vested stock options to Plaintiff, Reginald Powe, were false when made and were made for the purposes of inducing the Plaintiff, Reginald Powe, to sell his interest in and to Metropolitan Teaching and Learning Company to Defendant and to accept employment with Defendant, Cambium Learning, Inc.

The representations of Defendant, Cambium Learning, Inc., were materially false and misleading and were intended to deceive the Plaintiff, Reginald Powe, with the intention of securing the sale of Plaintiff's interest in and to Metropolitan Teaching and Learning Company to Defendant, Cambium Learning, Inc., and his employment with Defendant, Cambium Learning, Inc.  Defendant, Cambium Learning, Inc., knew that the representations made by it, by and through its employees, agents and representatives, were materially false and misleading, had no intention of allowing the exercise of the Stock Options and made the representations with the specific intention to deceive Plaintiff, Reginald Powe, of and from his interest in and to Metropolitan Teaching and Learning Company and to secure his employment with Defendant, Cambium Learning, Inc.  Plaintiff, Reginald Powe, reasonably relied upon the representations of Defendant, Cambium Learning, Inc., in agreeing to sell, and selling, his interest in and to Metropolitan Teaching and Learning Company to Defendant, Cambium Learning, Inc., and in accepting employment with Defendant, Cambium Learning, Inc.

Upon information and belief, Defendant, Cambium Learning, Inc., did not, on October 28, 2003, maintain a stock compensation plan or any other mechanism necessary

This watermark does not appear in the registered version - http://www.clicktoconvert.com

to effectuate the transfer of the Stock Options as contemplated by the terms and provisions of the Powe Employment Agreement.

## **ARGUMENT**

A complaint is to be dismissed for failure to state a claim, if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2nd 80, 78 S. Ct. 99 (1957); accord *Gagliardi v. Village of Pawling*, 18 F.3d 188, 191 (2d Cir. 1994). In addition, such a motion is addressed solely to the face of a pleading, and "the court's function…is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

In assessing the sufficiency of a pleading on a motion to dismiss, "all factual allegations in the complaint must be taken as true," *La Bounty v. Adler*, 933 F.2d 121, 123 (2d Cir. 1991) (addressing Rule 12(b)(6)), and all reasonable inferences must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 40 L. Ed. 90, 94 S. Ct. 1683 (1974) (addressing Rule 12(b)(6)).

In addition to the foregoing standard governing Rule 12(b)(6) motions, the Court must be mindful of the relevant rules of pleading. In general, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," *Fed. R. Civ. P. 8(a)(2)*, and that "all pleadings shall be so construed as to do substantial justice." *Fed. R. Civ. P. 8(f)*.

This watermark does not appear in the registered version - http://www.clicktoconvert.com

## I.

## PLAINTIFFS HAVE ADEQUATELY PLED A CAUSE OF ACTION FOR BREACH OF CONTRACT

In support of its application, Defendant, Cambium Learning, Inc., restates the standard that to state a claim for breach of contract under New York Law, a plaintiff must allege:  (1) the existence of a contract; (2) that the plaintiff has performed his or her obligations under the contract; (3) that the defendant failed to perform its obligations thereunder; and (4) that plaintiff was thereby damaged.

Defendant, Cambium Learning, Inc., does not deny the existence of either the Jones Employment Agreement and/or the Powe Employment Agreement or that Plaintiffs, Reginald Powe and Colleen Jones, performed each of their obligations thereunder.  Instead, Defendant, Cambium Learning, Inc., argues that the causes of action for breach of contract asserted by Plaintiffs, Reginald Powe and Colleen Jones, must be dismissed because "(1) plaintiffs' stock options have already expired by their terms, and Cambium has not breached any contractual obligation to allow them to exercise any stock options, and (2) plaintiffs failed to allege the specific contract terms that Cambium has allegedly breached."

In further support of its application, Defendant, Cambium Learning, Inc., has alleged that the Amended and Restated Stock Compensation Plan dated April 28, 2004, as amended April 12, 2006, is the "governing stock option plan" and argues that pursuant to that plan, Plaintiffs' voluntary resignation from and termination of service with Defendant, Cambium Learning, Inc., had automatically resulted in the termination of Plaintiffs' Stock Options.

This watermark does not appear in the registered version - http://www.clicktoconvert.com

The Amended and Restated Stock Compensation Plan dated April 28, 2004, as amended April 12, 2006, is introduced by Defendant, Cambium Learning, Inc., as Exhibit "D." *Burns Decl. Ex. D.* In considering Defendant's application, the Court is required to limit itself to a consideration of the facts that appear on the face of the complaint. Plaintiffs, Reginald Powe and Colleen Jones, have made no reference in their Complaint to the terms and/or provisions of the Amended and Restated Stock Compensation Plan dated April 28, 2004, as amended April 12, 2006, and instead allege that the Employment Agreements provided fully vested Stock Options and intended to make reference to an unspecified stock option plan, in effect as of October 28, 2003.

If the Court were to consider matters outside of the Complaint, including the terms and/or provisions of the Amended and Restated Stock Compensation Plan dated April 28, 2004, as amended April 12, 2006, then it is required to treat Defendant's motion as one for summary judgment and proceed under Fed. R. Civ. P. 56, giving Plaintiffs, Reginald Powe and Colleen Jones, opposing the motion, an opportunity to submit pertinent material and conduct discovery. *Ryder Energy Distribution Corporation v. Merrill Lynch Commodities, Inc., E.F. Hutton & Co., Inc. and New York Mercantile Exchange*, 748 F.2d 774; 1984 U.S. App. LEXIS 16672 (2d Cir. 1984); *Estate of Smith v. Tarrant County Hospital District*, 691 F.2d 207, 208 (5th Cir. 1982); *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979).

The Amended and Restated Stock Compensation Plan dated April 28, 2004, as amended April 12, 2006, relied upon by Defendant, Cambium Learning, Inc., itself, contains inconsistencies tending to defeat Defendant's claims. Paragraph 1.1 of the Amended and Restated Stock Compensation Plan describes its purpose "to attract, retain

This watermark does not appear in the registered version - http://www.clicktoconvert.com

and motivate employees and vendors of the company who will most assist the company in achieving its long term goals and objectives and to provide an opportunity to acquire an interest in the company through the granting of various stock based performance awards."  Here, the Stock Options described in the Employment Agreements are not performance awards,  but  instead, are intended  as additional  compensation and/or incentives for Plaintiffs' agreement to sell their interests in and to Metropolitan Teaching and Learning Company to Defendant, Cambium Learning, Inc., and in accepting employment with Defendant, Cambium Learning, Inc.

Paragraph 2.2 of the Amended and Restated Stock Compensation Plan provides that "the Committee may grant Incentive Stock Options and Non-Qualified Options to purchase stock in such amounts and subject to such terms and conditions as the Committee shall determine in its discretion.  Each option intended to be an Incentive Stock Option shall be designated as an Incentive Stock Option in the applicable Award Agreement"[1].  Here, there is no suggestion by Defendant, Cambium Learning, Inc., that it had provided either Plaintiff, Reginald Powe or Colleen Jones, an Award Agreement or any other reasonable means to exercise the Stock Options granted pursuant to the terms and provisions of their Employment Agreements.

Defendant, Cambium Learning, Inc., argues, alternatively, that Plaintiffs' Stock Options, contemplated by the terms and provisions of the Employment Agreements, had not vested and that any Stock Options Plaintiffs had expired upon their voluntary resignation from the company.  Both arguments are misplaced.  Any reasonable interpretation of the Employment Agreements confirm Plaintiffs' understanding that the

---

[1]     Paragraph 2.1 of the Amended and Restated Stock Compensation Plan provides that "each award shall be evidenced by a written Award Agreement, which shall contain such provisions as the Committee in its discretion deems necessary or desirable."

This watermark does not appear in the registered version - http://www.clicktoconvert.com

Stock Options referred to in the Employment Agreements were fully vested upon their execution on October 28, 2003.  Further, Plaintiffs' failure to exercise the Stock Options were occasioned solely by Defendant's misconduct in perpetration of its scheme to defraud, in its continued failure and/or refusal to provide Plaintiffs, Reginald Powe and Colleen Jones, an Award Agreement or any other recognizable means to exercise the vested Stock Options granted pursuant to the terms and provisions of the Employment Agreements.

Defendant's further allegations that "the provisions of the Employment Agreements cited by plaintiffs fails to indicate the precise number of stock options granted, the precise strike price of the options, the vesting schedule of the options, and the mechanism for exercise" are similarly misplaced.  These details, described by Defendant, Cambium Learning, Inc., as "critical" elements necessary to support a breach of contract claim are all, without exception, within the knowledge and control of Defendant, Cambium Learning, Inc.  Even assuming the application of the Amended and Restated Stock Compensation Plan, the "critical" elements described by Defendant, Cambium Learning, Inc., would have necessarily been included in the Award Agreement.

The Employment Agreements do not, themselves, make specific reference to the Amended and Restated Stock Compensation Plan or to any other stock option plan. Under the circumstances, the Court's consideration of Defendant's claims would necessarily require that it consider extrinsic evidence including parole evidence to be offered by Plaintiffs, Reginald Powe and Colleen Jones, and George A. Logue and Nader Darehshori.  See, *Consarc Corporation v. Marine Midland Bank, NA*, 996 F.2d 568, 1993 U.S. App. LEXIS 13777.

This watermark does not appear in the registered version - http://www.clicktoconvert.com

## II.

### PLAINTIFFS' CLAIMS FOR FRAUD SHOULD BE SUSTAINED

Notwithstanding the allegations of Defendant, Cambium Learning, Inc., not every fraud claim is foreclosed in an action also involving a contract. New York Law specifically recognizes causes of action for fraud in the inducement when the misrepresentation is collateral to the contract it induced. See, *WIT Holding Corp. v. Klein*, 282 A.D.2d 527, 528, 724 N.Y.S.2d 66 (2d Dept. 2001) ("[A] misrepresentation of material fact, which is collateral to the contract and serves as an inducement for the contract, is sufficient to sustain a cause of action alleging fraud."). A promise to take some future action which is collateral to the contract can be considered a "misrepresentation" for purposes of a fraud in the inducement cause of action. See, *Deerfield Comms. Corp. v. Cheeseborough-Ponds, Inc.*, 68 N.Y.2d 954, 956, 503 N.E.2d 103, 104, 510 N.Y.S.2d 88, 89 (1986) (holding that "a promise made with a preconceived and undisclosed intention of not performing it constitutes a misrepresentation" for purposes of a fraud in the inducement cause of action).

Plaintiffs, Reginald Powe and Colleen Jones, have sufficiently pled a present intention of the Defendant, Cambium Learning, Inc., to deceive Plaintiffs, Reginald Powe and Colleen Jones, to induce them to sell their interest in Metropolitan Teaching and Learning Company to Defendant, Cambium Learning, Inc., and for Plaintiffs to accept employment with Defendant, Cambium Learning, Inc. The material misrepresentations of Defendant, Cambium Learning, Inc., through its employee, agent and representative, George A. Logue, that the Stock Options referenced in the Employment Agreements were fully vested upon the execution of the Employment Agreements, are collateral to the

This watermark does not appear in the registered version - http://www.clicktoconvert.com

Employment Agreements themselves and form a sufficient basis for an independent cause of action sounding in fraud. The essence of Plaintiffs' fraud claim is not that Defendant, Cambium Learning, Inc., breached the Employment Agreements by its failure to provide for the exercise of the Stock Options, but that Defendant, Cambium Learning, Inc., through its employee, agent and representative, George A. Logue, intentionally misrepresented to Plaintiffs, Reginald Powe and Colleen Jones, that the Stock Options were paid as additional consideration for the transfer of Plaintiffs' interests in Metropolitan Teaching and Learning Company and that the Stock Options would be fully vested upon the execution of the Employment Agreements. See, *Brower v. NYDIC, Inc.*, 1 F. Supp. 2d 325; 1998 U.S. Dist. LEXIS 4814 (S.D.N.Y. 1998).

Here, Plaintiffs, Reginald Powe and Colleen Jones, sufficiently state a claim for fraud by alleging (1) a representation of material fact, (2) which was untrue, (3) which was known to be untrue or made with reckless disregard for the truth, (4) which was offered to induce Plaintiffs to act, and (5) which Plaintiffs relied upon to their injury. See, *Citicorp Int'l Trading Co., Inc. v. Western Oil & Refining Co., Inc.*, 790 F. Supp. 428, 435 (S.D.N.Y. 1992).

Generally, Rule 9(b), F.R. Civ. P. mandates that a complaint "adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Cosmas v. Hassett*, 886 F.2d 8 (2d Cir. 1989). The Courts have recognized, however, that because it would be unrealistic to expect a plaintiff to read a defendant's actual state of mind, Rule 9(b) permits plaintiffs to allege fraudulent intent generally, provided that a complaint

This watermark does not appear in the registered version - http://www.clicktoconvert.com

alleges facts which give rise to a strong inference that the defendant possessed the requisite fraudulent intent.

Defendant, Cambium Learning, Inc.'s, reliance upon the integration or merger clause contained within the Employment Agreements fails as a matter of law.  A statement in a contract that the written instrument embodies the whole agreement and that all prior understandings between the parties merged into the written agreement merely prevents one party from alleging oral misrepresentations which directly contradict the language of the agreement signed by the party.  The merger clause contained within the Employment Agreements is merely contractual boilerplate which states that the Agreement "contains the entire Agreement between you and the Company and replaces all prior communications, agreements and understandings, written or oral, with respect to the terms and conditions of your employment" and cannot be construed as an acknowledgment that Plaintiffs, Reginald Powe and Colleen Jones, were not relying upon the representations of Defendant, Cambium Learning, Inc.  *Chase v. Columbia National Corporation, David Miller and James D. Larr*, 832 F. Supp. 654; 1993 U.S. Dist. LEXIS 12589 (S.D.N.Y. 1993).  New York also permits the use of parole evidence to prove a claim of fraud in the inducement even where the written contract contains an integration, or merger, clause.  *Deerfield*, 68 N.Y.2d at 956, 502 N.E.2d at 1004, 510 N.Y.S.2d at 89; *Hobart v. Schuler*, 55 N.Y.2d 1023, 1024, 434 N.E.2d 715, 716, 449 N.Y.S.2d 479, 480 (1982) (commenting that even "a merger clause is generally insufficient to bar parole evidence of a fraudulent misrepresentation").

This watermark does not appear in the registered version - http://www.clicktoconvert.com

**III.**

**THE SEPARATION AGREEMENT DATED FEBRUARY 8, 2006 DOES NOT
BAR RELIEF CLAIMED BY PLAINTIFF, REGINALD POWE**

Defendant, Cambium Learning, Inc., relies upon the boilerplate release language contained within the Separation Agreement dated February 8, 2006 as a basis for denial of Plaintiff's claims. The terms and provisions of the Separation Agreement make no specific reference to the Powe Employment Agreement and/or the grant or exercise of the Stock Options.

Under New York Law, a release, like any other contractual provision, must be construed in accordance with the intent of the parties who executed it. *Stone v. National Bank & Trust Co.*, 188 A.D.2d 865, 591 N.Y.S.2d 609 (3d Dept. 1992). Here, Plaintiff, Reginald Powe, believed that he had, effective October 28, 2003, obtained fully vested Stock Options equal to one (1%) percent of the common equivalent shares outstanding in Defendant, Cambium Learning, Inc., after its acquisition of the assets of Metropolitan Teaching and Learning Company. Plaintiff, Reginald Powe, was further assured through the representations of Defendant, Cambium Learning, Inc., by and through its Chairman and Chief Executive Officer, Nader Darehshori, that the Stock Options would be exercisable by Plaintiff, Reginald Powe, notwithstanding the termination of his employment with Defendant, Cambium Learning, Inc. Plaintiff's position is supported by electronic mail dated April 21, 2006.

The Separation Agreement dated February 8, 2006, is ambiguous as it relates to the grant and/or exercise of Stock Options and requires that the Court resort to parole and/or extrinsic evidence to give full effect to the parties' intentions.

This watermark does not appear in the registered version - http://www.clicktoconvert.com

To the extent that the Court believes it necessary to convert any aspect of Defendant's motion to a motion for summary judgment, Plaintiffs, Reginald Powe and Colleen Jones, respectfully request that the Court first allow Plaintiffs, Reginald Powe and Colleen Jones, to exercise reasonable discovery.

To the extent that the Court is to grant any aspect of Defendant's motion to dismiss, Plaintiffs, Reginald Powe and Colleen Jones, respectfully request that the determination be made without prejudice and that Plaintiffs, Reginald Powe and Colleen Jones, be granted leave pursuant to Fed. R. Civ. P. 15(a) to amend its pleadings.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs, Reginald Powe and Colleen Jones, respectfully request that the application of Defendant, Cambium Learning, Inc., be denied in its entirety.

Dated: Melville, New York
          May 13, 2008

Yours, etc.

RICHARD A. KRASLOW, P.C.

/S/
By: Richard A. Kraslow, Esq. (RK0925)
Of Counsel to  Alan G. Kraut, Esq.
425 Broad Hollow Road, Suite 206
Melville, New York  11747
(631) 756-8300

Attorneys for Plaintiffs
Reginald Powe and Colleen Jones

19

This watermark does not appear in the registered version - http://www.clicktoconvert.com

## CERTIFICATE OF SERVICE

I, Richard A. Kraslow, hereby certify that I served a true and correct copy of the foregoing Memorandum of Law in Opposition of Defendant, Cambium Learning, Inc.'s, Motion to Dismiss this 30th day of April, 2008, by Federal Express overnight delivery, upon the following counsel of record:

GIBSON, DUNN & CRUTCHER, LLP
Attorneys for Defendant
Cambium Learning, Inc.
200 Park Avenue, 47th Floor
New York, New York  10166-0193


/S/ _____
RICHARD A. KRASLOW