UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REGINALD POWE and COLLEEN JONES,

        Plaintiff,

  v.

CAMBIUM LEARNING, INC.,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08-CV-1963 (JGK)

ECF Case

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CAMBIUM LEARNING, INC.'S MOTION TO DISMISS

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193

Attorneys for Defendant
Cambium Learning, Inc.

May 15, 2008

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................. 1

PLAINTIFFS MISSTATE THE STANDARD APPLICABLE TO THIS MOTION .................... 1

PLAINTIFFS' CONTRACT CLAIMS MUST BE DISMISSED ................................................. 2

PLAINTIFFS' FRAUD CLAIMS MUST BE DISMISSED ......................................................... 4

    A.    Plaintiffs Cannot Plead Reliance As A Matter Of Law ........................................ 4

    B.    The Fraud Claim Is Duplicative Of The Breach Of Contract Claim ..................... 6

POWE'S CLAIMS ARE BARRED BY THE RELEASE ............................................................ 9

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

## Cases

*380544 Canada, Inc. v. Aspen Technology, Inc.*, No. 07 Civ. 1204 (JFK), 2008 WL 731971 (S.D.N.Y. March 18, 2008) .................................................................................. 3

*Bell Atlantic v. Twombl,y* 127 S. Ct. 1955 (2007) ................................................................. 2, 4

*BNY Financial Corp. v. Clare*, 172 A.D.2d 203, 568 N.Y.S.2d 65 (1st Dep't 1991) ................... 5

*Brower v. NYDIC, Inc.*, 1 F. Supp. 2d 325 (S.D.N.Y. 1998) ......................................................... 8

*Butvin v. Doubleclick*, No. 99 Civ. 4727 (JFK), 2000 WL 827673 (S.D.N.Y. June 26, 2000) .................................................................................................................. 3, 4, 5

*Cannon v. Douglas Elliman, LLC*, No. 06 Civ. 7092 (NRB), 2007 WL 4358456 (S.D.N.Y. Dec. 10, 2007) .................................................................................................. 6

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) ....................................................... 7

*Chase v. Columbia Nat. Corp.*, 832 F. Supp. 654 (S.D.N.Y. 1993) ............................................... 6

*Concorde Financial Corp. v. Value Line, Inc.*, No. 03 Civ. 8020 (NRB), 2004 WL 1687205 (S.D.N.Y. July 28, 2004) ............................................................................ 8

*Conley v. Gibson*, 355 U.S. 41 (1957) .......................................................................................... 2

*Deerfield Comm'ns Corp. v. Chesebrough-Ponds Inc.*, 68 N.Y.2d 954, 502 N.E.2d 1003, 510 N.Y.S.2d 88 (1986) .................................................................................... 8

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168 (2d Cir. 2004) .................................................................................................................................. 8

*Harris v. Hallberg*, 36 A.D.3d 857, 828 N.Y.S.2d 579 (2d Dep't 2007) ....................................... 9

*Hobart v. Schuler*, 55 N.Y.2d 1023, 434 N.E.2d 715, 449 N.Y.S.2d 479 (1982) ......................... 6

*Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) ................................................................................. 2

*Kraft Foods, Inc. v. All These Brand Names, Inc.*, 213 F. Supp. 2d 326 (S.D.N.Y. 2002) .............................................................................................................................. 10

*Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531 (2d Cir. 1997) ........................... 5

*Menaldi v. Pay-Per-View Network, Inc.*, No. 97 Civ. 6451 (HB), 1998 WL 230994 (S.D.N.Y. 1998) ....................................................................................................... 5, 8

## TABLE OF AUTHORITIES  [*continued*]

Page(s)

*Middle East Banking Co. v. State St. Bank Int'l*, 821 F.2d 897 (2d Cir. 1987) ............................. 10

*Orix Credit Alliance, Inc. v. R.E. Hable Co.*, 256 A.D.2d 114, 682 N.Y.S.2d 160 (1st
        Dep't 1998) ................................................................................................................. 6

*Rapoport v. Asia Elecs. Holding Co.*, 88 F. Supp. 2d. 179 (S.D.N.Y. 2000) .................................. 3

*Tierney v. Omnicom Group, Inc.*, No. 06 Civ. 14302 (LTS) (THK), 2007 WL
        2012412 (S.D.N.Y. July 11, 2007) ............................................................................. 4

*Wolff v. Rare Medium, Inc.*, 171 F. Supp. 2d 354 (S.D.N.Y. 2001) ............................................... 2

**Rules**

Fed. R. Civ. P. 9(b) .................................................................................................... 1, 8, 9, 10

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 1, 10

Defendant Cambium Learning, Inc. ("Cambium") respectfully submits this reply memorandum of law in further support of its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).

## PRELIMINARY STATEMENT

Plaintiffs' Complaint against Cambium, asserting claims for fraud and breach of contract, must be dismissed because Plaintiffs do not plead sufficient facts underlying their claims and because the documents incorporated into the Complaint directly contradict Plaintiffs' claims.

Indeed, Plaintiffs' claims simply attempt to ignore reality. Plaintiffs allege, for instance, that they were granted fully vested Stock Options at the time they executed Employment Agreements with Cambium, and that these Stock Options have not expired, but these allegations are both directly contradicted by the governing Stock Option Plan.[1] Plaintiffs next contend that this Stock Option Plan does not govern their Stock Options, but this assertion is directly contradicted by the Employment Agreements, which specifically provide that the Stock Options will be governed by a plan adopted by Cambium, and Plaintiffs point to no other plan governing the Stock Options.

For these and other reasons set forth herein, Plaintiffs' Complaint should be dismissed in its entirety with prejudice.

## PLAINTIFFS MISSTATE THE STANDARD APPLICABLE TO THIS MOTION

As an initial matter, Plaintiffs misstate the standard that applies to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In the recent case of *Bell Atlantic v. Twombly*, the U.S. Supreme Court held that, to survive a motion to dismiss, plaintiffs cannot rely on a "formulaic

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in Cambium's opening Memorandum in Support of its Motion to Dismiss ("Def. Opening Br.").

recitation of the elements of a cause of action" and must, at a minimum, sufficiently plead the facts underlying the claim "to raise the right to relief above the speculative level." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007). In other words, to state a claim, the complaint must contain enough facts to suggest that the allegations are "plausible." *Id.*; *see also Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). Plaintiffs fail to sufficiently plead facts underlying their claims, and fall back on the now-discredited standard articulated 50 years ago, which was expressly rejected by the Court in *Twombly*. *See* Plaintiffs' Memorandum of Law in Opposition of Defendant Cambium Learning, Inc's Motion to Dismiss ("Pl. Br."), at 10 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). Because Plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 127 S. Ct. at 1974.

## PLAINTIFFS' CONTRACT CLAIMS MUST BE DISMISSED

Plaintiffs' breach of contract claims must be dismissed because (1) Plaintiffs' Stock Options expired by their terms upon Plaintiffs' voluntary departure from Cambium, and (2) Plaintiffs fail to allege the specific contract terms that Defendant breached. *See Wolff v. Rare Medium, Inc.*, 171 F. Supp. 2d 354, 358 (S.D.N.Y. 2001) ("a plaintiff must identify what provisions of the contract were breached"). Plaintiffs contend that their Stock Options were fully vested at the time they executed the Employment Agreements and that the Stock Options survived the termination of their employment. But Plaintiffs' assertions are directly contradicted by the relevant documents, and their claims for breach of contract should be dismissed.

The Employment Agreements on which Plaintiffs base their contract claims expressly provide that the Stock Options granted to Plaintiffs would be "subject to vesting provisions consistent with those under the stock option plans adopted by the Company." Compl. ¶¶ 15, 38. In turn, Cambium's 2004 Stock Compensation Plan, dated April 28, 2004 and amended on April 12, 2006 (the "Stock Option Plan"), provides that in the event of a participant's voluntary

2

departure from employment, any unexercised stock options will "immediately expire." Burns Decl. Ex. D ¶ 2.11.2.[2] Because both Plaintiffs voluntarily resigned from Cambium, their unexercised options expired at that time, and Plaintiffs' breach of contract claims should therefore be dismissed. *See Butvin v. Doubleclick*, No. 99 Civ. 4727 (JFK), 2000 WL 827673, at *13 (S.D.N.Y. June 26, 2000).

Similarly, Plaintiffs' allegation that the Stock Options were "fully vested" at the time Plaintiffs executed the Employment Agreements is also directly contradicted by the Employment Agreements and the Stock Option Plan that they expressly reference. "[W]here allegations set out in the complaint are contradicted by other matters asserted or by materials attached to or incorporated by reference in the complaint, the court is not obliged to credit the allegations in the complaint." *380544 Canada, Inc. v. Aspen Technology, Inc.*, No. 07 Civ. 1204 (JFK), 2008 WL 731971, at *13 (S.D.N.Y. March 18, 2008); *see also Rapoport v. Asia Elecs. Holding Co.*, 88 F. Supp. 2d. 179, 184 (S.D.N.Y. 2000) (finding where "documents contradict Plaintiff's allegations . . . this Court must grant Defendants' motion to dismiss"). Because the Employment Agreements expressly state that the Stock Options would be "subject to the vesting provisions consistent with those under the stock option plans adopted by the Company" and because Cambium complied with the terms of the Stock Option Plan, Cambium did not breach the Employment Agreements. *See Butvin*, 2000 WL 827673, at *13 (holding defendant did not breach employment agreement when it refused to allow plaintiff to exercise options that had not vested at time plaintiff was terminated).

---

[2] The Burns Declaration was submitted along with Defendants' Opening Brief.

3

Plaintiffs do not dispute these provisions of the Stock Option Plan, but instead insist that the Stock Option Plan does not govern the exercise of their Stock Options. In Plaintiffs' view, the Employment Agreements "intended to make reference to *an unspecified stock option plan*, in effect as of October 28, 2003." Pl. Br. at 12 (emphasis added). Plaintiffs' suggestion that Cambium had in place some *other unidentified* stock option plan to govern the exercise of the Stock Options is absurd, and fails to satisfy the plausibility requirement of *Twombly*. Cambium had no plan other than the Stock Option Plan attached to the Burns Declaration, and it is that document that governs the Stock Options.

Even leaving aside the absurdity of Plaintiffs' argument, if Plaintiffs' assertions about an "unspecified" plan are correct, then Plaintiffs' claims still fail, because, in failing to identify this "unspecified stock option plan" or any of its terms, Plaintiffs' Complaint fails to allege the specific contract terms that defendant is supposed to have breached. *See Tierney v. Omnicom Group, Inc.*, No. 06 Civ. 14302 (LTS) (THK), 2007 WL 2012412, at *6 (S.D.N.Y. July 11, 2007).

## PLAINTIFFS' FRAUD CLAIMS MUST BE DISMISSED

**A.     Plaintiffs Cannot Plead Reliance As A Matter Of Law**

"Under New York law, 'the asserted reliance must be found to be justifiable under all the circumstances before a complaint can be found to state a cause of action in fraud.'" *Butvin*, 2000 WL 827673, at *9 (citation omitted). The statements that Plaintiffs allegedly relied on – that they were granted fully vested Stock Options and that these Stock Options would survive their termination – are flatly contradicted by the Employment Agreements and documents incorporated therein. Plaintiffs therefore cannot claim to have reasonably relied on these alleged oral statements, and their fraud claims must be dismissed.

In *Butvin v. Doubleclick*, as in the present case, the plaintiff was granted stock options pursuant to an employment offer that made it clear that the grant was subject to the specific terms of a stock option plan. 2000 WL 827673, at *9. The court held that the plaintiff could not plead justifiable reliance on any alleged misrepresentations made in connection with his employment offer because, even if the plaintiff was not furnished with a copy of the stock option plan, the employment offer put him on notice that he should have asked for it. *Id.*, at *9-10. Here, the Employment Agreements certainly put Plaintiffs on notice that their Stock Options would be governed by a stock option plan. Plaintiffs were therefore put on notice that they should have sought out those documents in order to determine the specific terms governing their Stock Options. "Succinctly put, a party will not be heard to complain that he has been defrauded when it is his own evident lack of due care which is responsible for his predicament." *Id.*, at *9 (citing *Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531, 1543 (2d Cir. 1997)).

Moreover, the Employment Agreements contain an integration clause, which, as Plaintiffs concede, "prevents one party from alleging oral misrepresentations which directly contradict the language of the agreement signed by the party." Pl. Br. at 17. While "[a] general integration clause such as the one here does not normally bar claims of fraudulent inducement," under New York law, "where an express provision in the contract expressly contradicts the claimed fraudulent oral representation, a fraud claim cannot lie." *Menaldi v. Pay-Per-View Network, Inc.*, No. 97 Civ. 6451 (HB), 1998 WL 230994, at *2 (S.D.N.Y. May 5, 1998). It is true, as Plaintiffs state, that New York law will consider parole evidence to prove a claim for fraudulent inducement even in some instances where a contract contains an integration or merger clause, but "parole evidence will not be permitted to vary the terms of a written instrument." *BNY Financial Corp. v. Clare*, 172 A.D.2d 203, 205, 568 N.Y.S.2d 65, 67 (1st Dep't 1991).

Courts look to parole evidence when, as in the cases cited by Plaintiffs, the alleged misrepresentations do not "directly contradict the language" of the written agreement. *See, e.g.*, *Chase v. Columbia Nat. Corp.*, 832 F. Supp. 654, 662 (S.D.N.Y. 1993) ("The alleged misrepresentations are not contradicted by the Agreement"); *Hobart v. Schuler*, 55 N.Y.2d 1023, 1024, 434 N.E.2d 715, 715, 449 N.Y.S.2d 479, 479 (1982) ("[T]he fraudulent representation which forms the basis of defendant's affirmative defense is not specifically contradicted by any of the detailed representations or warranties contained in the agreement."). Here, by contrast, the alleged misrepresentations directly contradict the language of the Employment Agreements and the Stock Option Plan incorporated therein, and so Plaintiffs cannot now claim to have relied on those misrepresentations, and cannot use parole evidence to prove otherwise.

**B.     The Fraud Claim Is Duplicative Of The Breach Of Contract Claim**

Under New York law, "a claim for common law fraud will not lie if the claim is duplicative of a claim for breach of contract." *Cannon v. Douglas Elliman, LLC*, No. 06 Civ. 7092 (NRB), 2007 WL 4358456, at * 9 (S.D.N.Y. Dec. 10, 2007). Plaintiffs argue that their fraud claims are not duplicative of their contract claims because they fall within the exception to this rule for cases where "the misrepresentation is collateral to the contract it induced." Pl. Br. at 15. But Plaintiffs' characterization is belied by their actual claims. The crux of both the breach of contract and the fraudulent inducement claims is that Cambium allegedly promised to allow Plaintiff to exercise fully vested Stock Options, and that Cambium failed to do so. Far from being collateral to the Employment Agreements, the alleged misrepresentation regarding Plaintiffs' compensation through the Stock Options is "directly related to a specific provision of the contract." *Orix Credit Alliance, Inc. v. R.E. Hable Co.*, 256 A.D.2d 114, 115, 682 N.Y.S.2d 160, 161 (1st Dep't 1998) (dismissing fraud counterclaim alleging that at the time parties

6

negotiated the contracts, counterclaim defendant misrepresented the payments that would be due, while knowing from the outset that it intended to overcharge them).

Plaintiffs attempt to circumvent the prohibition on duplicative breach of contract and fraud claims by alleging that the Stock Option promises induced Plaintiffs to transfer their interests in Metropolitan Teaching & Learning Co., Inc. ("Metropolitan") through an Agreement of Purchase and Sale of Assets between Cambium and Metropolitan, dated October 28, 2003 ("Purchase and Sale Agreement").[3] This argument fails – again, because the documents disprove Plaintiffs' contentions. The Purchase and Sale Agreement makes no reference whatsoever to Stock Options or any other employment compensation for Plaintiffs. Instead, the Stock Options were in the portion of the *Employment Agreements* addressing "Compensation and Benefits." *See* Burns Decl. Exs. B, C. Thus, it is clear that the Stock Options were *contractual* consideration for Plaintiffs' employment, and such promises cannot be converted into a fraud claim relating to the sale of Metropolitan's assets. The consideration for the Purchase and Sale Agreement was clearly articulated in that document, and does not include the award of stock options to Plaintiffs. King Reply Decl. Ex. A § 1.3. Furthermore, the Purchase and Sale Agreement contains a merger and integration clause, providing that it is "the entire agreement between the parties hereto with respect to the transactions contemplated herein and shall supersede all previous oral and written and all contemporaneous oral negotiations, commitments,

---

[3] Although the Purchase and Sale Agreement is not attached to the Complaint, it is properly considered in connection with this motion because the transaction is referenced throughout the Complaint (at ¶¶ 14, 23, 26, 29-32, 37, 46, 49, 52-55) and Plaintiffs' Opposition Brief, and the Complaint "relies heavily upon [their] terms and effect," thereby rendering the Purchase and Sale Agreement "integral to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). The Purchase and Sale Agreement is attached to the accompanying Reply Declaration of Marshall R. King as Exhibit A.

and understandings," so Plaintiffs cannot rely on any alleged representations that contradict its terms. *Id.* §11.14; *see Menaldi* 1998 WL 230994, at *2.[4]

Plaintiffs' fraud allegation is distinguishable from those in the cases that Plaintiffs cite, "in which one party misrepresents its state of mind with regard to actions *other than those explicitly covered by the contract*." *Concorde Financial Corp. v. Value Line, Inc.*, No. 03 Civ. 8020 (NRB), 2004 WL 1687205, at *5 (S.D.N.Y. July 28, 2004) (emphasis added).[5]

Here, the alleged misrepresentation is simply that Cambium promised Plaintiffs that they could exercise fully vested Stock Options when they entered into the Employment Agreements, and that Cambium did not intend to keep this promise. This alleged misrepresentation is identical to the contract claims, and therefore the fraud claims should be dismissed.[6]

---

[4] Moreover, Plaintiffs repeatedly mischaracterize the nature of the transaction involving Metropolitan. That transaction was an *asset sale by Metropolitan*, and not a sale of Plaintiffs' "interest" in Metropolitan. Thus, Plaintiffs were not even parties to the Purchase and Sale Agreement, and they could not have been fraudulently induced to enter into that agreement for the simple reason that they (as opposed to Metropolitan) did *not* enter into that agreement.

[5] *See also Deerfield Comm'ns Corp. v. Chesebrough-Ponds Inc.*, 68 N.Y.2d 954, 502 N.E.2d 1003, 510 N.Y.S.2d 88 (1986) (allowing fraud claim when defendant falsely claimed that it would not sell plaintiff's products in certain markets; the contract between the parties did not contain any geographical restrictions, and plaintiff's contract claim for violating the geographical restrictions was dismissed); *Brower v. NYDIC, Inc.*, 1 F. Supp. 2d 325 (S.D.N.Y. 1998) (holding fraud claim not duplicative where plaintiff alleged that he was told he would receive a bonus if the defendant realized a particular level of cash profit, but defendant was actually engaged in a scheme to manipulate his record-keeping so that cash profits would never reach the requisite level, and thus plaintiff would never receive his bonus).

[6] Plaintiffs' fraud claims also fail because they have failed to plead with sufficient particularity as required by Fed. R. Civ. P. 9(b). The Complaint must allege "particularized facts to support the inference that the defendants acted recklessly or with fraudulent intent." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 187 (2d Cir. 2004).
Here, Plaintiffs cite *no* particularized facts that would support an inference of fraudulent
[Footnote continued on next page]

## POWE'S CLAIMS ARE BARRED BY THE RELEASE

Plaintiff Reginald Powe acknowledges that, upon his voluntary termination from employment, he executed a Release that released and discharged Cambium from claims relating to his employment. Powe now claims that he did not intend to release the present claims, and that he received "assurances" from Cambium that that the Stock Options would be exercisable notwithstanding his termination. However, this alleged evidence would "contradict and vary the terms of the release" and is thus "precluded by the parole evidence rule." *Harris v. Hallberg*, 36 A.D.3d 857, 859, 828 N.Y.S.2d 579, 581 (2d Dep't 2007) (affirming dismissal because of release that was "a complete and integrated agreement" and "the alleged oral agreement is not consistent with the release, and is contradictory thereto").

Contrary to Plaintiffs' contention, the Release is not ambiguous. The Release specifically encompasses claims for breach of "any alleged employment contract" and any fraud claims. Burns Decl. Ex. E at 2.[7] Further, the Release provides that it "sets forth the entire agreement between [Powe] and the Company and supersedes any and all prior oral or written agreements or understandings between you and the Company concerning the subject matter of this Agreement." Burns Decl. Ex. E at 2. "When the words of a release are of general effect the release is to be construed most strongly against the releasor." *Kraft Foods, Inc. v. All These Brand Names, Inc.*,

---

[Footnote continued from previous page]
    intent. Plaintiffs do not allege when and where Logue made representations that the Stock Options granted in the Employment Agreement were fully vested, and they do not allege that Logue knew these statements were false when he made them or that he had the requisite scienter. They do not allege any facts at all supporting their conclusory assertions that Cambium intended to defraud them. The Court should therefore dismiss Plaintiffs' fraud claims for failure to comply with the pleading requirements of Rule 9(b).

[7] Thus, Plaintiffs' present assertion that the Release "make[s] no specific reference to the Powe Employment Agreement" (Pl. Br. at 18) is, at best, misleading. The Release expressly covers "any . . . employment contract."

213 F. Supp. 2d 326, 330 (S.D.N.Y. 2002) (granting summary judgment holding that breach of contract claim is barred by release) (quoting *Middle East Banking Co. v. State St. Bank Int'l*, 821 F.2d 897, 907 (2d Cir. 1987)).

Thus, the terms of the Release are clear, and parole evidence is unnecessary (and impermissible). Powe's claims must be dismissed.

## CONCLUSION

For the foregoing reasons, and those stated in Cambium's Opening Brief, the Plaintiffs' claims for breach of contract and fraud should be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).

Dated: New York, New York
       May 15, 2008

                                  GIBSON, DUNN & CRUTCHER LLP

                            By: _s/ Marshall R. King_____
                                  Marshall R. King (MK-1642)
                                  Megan A. Burns (MB-1243)

                                  200 Park Avenue, 47th Floor
                                  New York, New York 10166-0193
                                  (212) 351-4000

                                  Attorneys for Defendant
                                  Cambium Learning, Inc.

100443550_3.DOC